# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

Du Bois Traction Passenger Railway Company *v.* Buffalo, Rochester & Pittsburgh Railway Company, Appellant.

149   1<br>193   139

*Railroad—Grade crossing of steam road by street passenger railway— Preliminary injunction.*

In this case the Supreme Court failed to find anything in the record to justify them in reversing the decree of the court below dissolving a preliminary injunction obtained by a steam railroad to prevent its tracks on a public street being crossed at grade by the tracks of a street passenger railway company incorporated under the act of May 14, 1889, and to be operated by electricity by means of an over-head wire; but stated that it might be the duty of the court below, in the exercise of its equity powers, to make such order as the facts of the case might seem to require for the protection of life at the crossing, by the erection of gates, the employment of a watchman, or otherwise, at the expense of either or both of the parties.

Argued April 21, 1892. Appeal, No. 337, Jan. T., 1892, by defendant, from decree of C. P. Clearfield Co., Sept. T., 1891, No. 5, in equity. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Bill in equity by plaintiff, to restrain defendant from preventing plaintiff from constructing its line of track across the tracks of defendant; and cross bill to restrain plaintiff from crossing defendant's tracks at grade.

Preliminary injunctions were issued on both bills. Defendant, at the same time with its cross bill, filed an answer to the original bill. Upon a hearing on bill, answer, cross bill and affidavits, the following facts appeared: Complainant is a corporation organized under the act of May 14, 1889, for the purpose of constructing, maintaining and operating a street railway in Du Bois borough. The borough, by ordinance duly enacted, consented to the construction of complainant's railway; and the construction and location of the road and line of track was approved by the street committee of the council and borough authorities. That to enjoy its franchises and perform its duty to the public, it was essential that complainant should lay and construct its line of track on Booth street across and beyond Franklin street. The defendant under an ordinance had constructed a railroad with two tracks, which crossed Booth street at its intersection with Franklin street, the tracks being on a level with the grade of Booth street. Complainant proceeded to construct its line at the intersection of Booth and Franklin streets and defendant removed and destroyed a portion thereof.

It also appeared that the motive power to be employed by complainant was electricity by means of an overhead wire; and that to construct an overhead crossing at the place in question would cost about $9,000.

The court below, in an opinion by KREBS, P. J., entered the following decree:

" And it is therefore adjudged, ordered and decreed that the defendant, ' The Buffalo, Rochester & Pittsburgh Railway Company,' its agents, servants and employees, be and are hereby enjoined from preventing or in any manner interfering with the complainant, its contractors, servants, agents or employees from constructing its line along Booth street and across the respondent's line of track, at the intersection of Booth and Franklin streets, and from interfering with, or in any wise hindering or preventing the complainant from operating and maintaining its street passenger railway on Booth street, and across Franklin street, at the point where Booth street intersects the same." [3]

On the same day, the preliminary injunction on the cross bill was dissolved.

*Errors assigned* were, (1) refusing to dissolve the preliminary

injunction; (2) making it perpetual; (3) the decree as above in brackets, quoting it; (4) refusing to make perpetual the preliminary injunction on the cross bill; (5, 6) dissolving same.

*C. H. M'Cauley* and *Frank Fielding*, for appellant, cited among other cases, Penna. R. R. Co. v. Braddock Electric Ry. Co., 1 Dist. Rep. 111 [reversed, 152 Pa. 116].

*J. P. Hunter*, *W. C. Pentz* and *J. M. Morrison* with him, for appellee.

PER CURIAM, May 2, 1892:

We see nothing in this record to justify us in reversing the decree of the court below dissolving the preliminary injunction. At the same time we deem it proper to say that upon final hearing it will be competent, and it may, perhaps, be the duty of the court below in the exercise of its equity powers, to make such order as the facts of the case may seem to require for the protection of life at this crossing, by the erection of gates, the employment of a watchman, or otherwise, at the expense of one or other of the parties, or at the expense of both, as to justice and equity shall seem meet.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.

See Penna. R. R. Co., Appellant, v. Braddock Electric Ry. Co., 152 Pa. 116.