In the Matter of the Claim of MARY WATERS et al., Respondents, against WILLIAM J. TAYLOR COMPANY et al., Appellants.

**Workmen's Compensation Law — award to widow of workman killed while attempting to rescue fellow-workman from place of danger — such award within purpose of act and justified by the facts.**

1. The Workmen's Compensation Act rests on the economic and humanitarian principles that compensation should be given at the expense of the business to the employee or his representatives for earning capacity destroyed by an accident in the course of or connected with his work, and this not only for his own benefit but for the benefit of the state which otherwise might be charged with his support, and this purpose ought not to be defeated by placing too narrow a limit upon the nature of the acts which will be regarded as pertaining to his employment.

2. The husband of claimant was employed by a contractor on work necessary in the construction of a building. While one of the employees of another contractor was engaged in excavating for the same building, the bank of the excavation caved in and he was caught about twenty feet from where claimant's decedent, who went to the assistance of the endangered employee, was at work. While attempting to release him, another cave-in occurred and claimant's husband suffered such severe injuries that he subsequently died therefrom. *Held*, that the accident arose out of and in the course of the decedent's employment and that an award for his death should be sustained.

*Matter of Waters* v. *Taylor Co.*, 170 App. Div. 942, affirmed.

(Argued February 28, 1916; decided May 12, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 14, 1915, affirming an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*William A. Jones, Jr.*, for appellants. The injuries sustained by Roger Waters and which subsequently resulted in his death did not arise out of and in the course of his

employment. (*Matter of McNichols,* 215 Mass. 498; *Neuman* v. *Neuman,* 155 N. Y. Supp. 665; *Spooner* v. *D. S. N. Co.,* 153 N. W. Rep. 667; *Smith* v. *L. & Y. Ry. Co.,* 79 L. T. Rep. 633; *Reed* v. *G. W. Ry. Co.,* 99 L. T. Rep. 781; *Plumb* v. *Cobden F. M. Co.,* 7 B. W. C. C. 1; *Kerr* v. *Baird & Co.,* 48 Sc. L. R. 646; *Whiteman* v. *Clifden,* 6 B. W. C. C. 49; *Burns* v. *Summerlee Iron Co.,* 50 Sc. L. R. 164; *Davies* v. *Crown Perfumery Co.,* 6 B. W. C. C. 649; *McDiarmid* v. *Oglivy Bros.,* 50 Sc. L. R. 883.)

*Egburt E. Woobury, Attorney-General* (*E. C. Aiken* of counsel), for respondents. An accident occurring while making an attempt to save the life of a fellow-man while engaged in a common enterprise arises out of and in the course of the employment. (*Aitken* v. *Finlayson, Bonsfield & Co.,* 7 B. W. C. C. 918; *Matthews* v. *Bedworth,* 1 W. C. C. 124; *L. & E. Shipping Co.* v. *Brown,* 42 Sc. L. R. 357; *Rees* v. *Thomas,* 1 W. C. C. 9; *Hapelman* v. *Poole,* 2 B. W. C. C. 48; *Dragovich* v. *Iroquois Iron Co.,* 109 N. E. Rep. 999; *Sloss-Sheffield Steel Co.* v. *Moore,* 59 So. Rep. 311.)

HISCOCK, J. Roger Waters, the husband of the claimant, was in the employ of the William J. Taylor Company, which had a contract for performing part of the work necessary in the construction of a building. The Duffy Contracting Company was a contractor engaged in performing other work in said construction which necessitated an excavation. While one of the employees of the last-named company was at work in the excavation the bank thereof caved in and he was caught. This occurred about twenty feet from where Waters was at work and he went to the assistance of the endangered employee. While he was engaged in the attempt to release him another cave-in occurred which so seriously injured Waters that he subsequently died.

On these facts the question arises whether the accident to Waters could be found to be one " arising out of and in the course of his employment," emphasis being especially placed on the denial by the insurance company that it arose out of the employment.

There is no question that Waters' attempt to rescue his fellow-workman immediately led to his own injuries, and, therefore, the only debatable phase of the inquiry must be whether his general employment included and required or authorized the attempt to rescue from a sudden peril which threatened his life a fellow-laborer working only a few feet away on the same general undertaking, although for a different employer. It seems to us that this act should be regarded as an incident to and within the fair scope of his employment as the latter should be measured for the purposes of the Workmen's Compensation Act. It occurred while he was at work on the undertaking for which he had been hired, and, therefore, during the course of his employment. It was his employment which brought him where he was, and in a general sense caused him to be confronted with the condition and emergency which he sought to meet. His act was prompted by the relationship existing between himself and a fellow-workman caused by their employment on a common undertaking. It must have been within the reasonable anticipation of his employer that his employees would do just as Waters did if the occasion arose, for it is quite inconceivable that any employer should expect or direct his employees to stand still while the life of a fellow-workman working a few feet away was imperiled by such an accident as occurred here, and it seems to us that the accident arose out of his employment.

It has been held by the Supreme Court of Illinois in a well-considered case (*Dragovich* v. *Iroquois Iron Co.,* 109 N. E. Rep. 999) that injuries received by one workman while trying to rescue from serious danger another workman of a common employer arose out of his employ-

ment. It is true that that decision was to some extent based on the proposition that it would be the duty of the employer himself to attempt to rescue his endangered servant, and, therefore, that the attempt of the employee who came to the latter's rescue was performed in the interest of and for the benefit of his employer. We think, however, that the principle of that case when broadened as it properly may be, tends to sustain the award in this one. Independent of any legal obligation which might require the master to attempt to rescue a servant from the dangers of an emergency, there is a moral duty resting on principles of humanity and those principles ought to apply to a contract of employment and broaden its scope so as to permit a servant to do as Waters did in attempting to rescue a fellow-workman although technically working for a different employer.

Even the rather rigid rules of an action at law for negligence bend before such a situation of peril and without penalty to his rights permit a casual bystander to take risks in the attempt to save life which would be prohibited under any other circumstances. (*Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502.)

And certainly it would be a narrow and disappointing view if in judging the conduct of a workman under the remedial provisions of the Workmen's Compensation Act we should hold that the legislature intended to deprive him of the benefits of that act because in going to the rescue of another workman under such circumstances as arose here he has stepped somewhat beyond the limits which would fix the scope of his employment under ordinary circumstances. That act is framed on broad principles for the protection of the workman. Relief under it, generally speaking, is not based on the negligence of the employer or limited to the absence of negligence on the part of the employee. It rests on the economic and humanitarian principles that compensation should be given at the expense of the business to the employee or

his representatives for earning capacity destroyed by an accident in the course of or connected with his work, and this not only for his own benefit but for the benefit of the state which otherwise might be charged with his support.  This purpose ought not to be defeated by placing too narrow a limit upon the nature of the acts which will be regarded as pertaining to his employment.

Of course what we thus say is to be read in the light of the facts presented on this appeal.   There is no trouble in outlining a case where an employee, even with the laudable purpose of helping another, might go so far from his employment and become so thoroughly disconnected from the service of his employer that it would be entirely unreasonable to say that injuries suffered by him arose out of and in the course of his employment.   It is sufficient to say that we do not regard the case now presented to us as being such an one as we have suggested.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Order affirmed.