**ASSOCIATED EMPLOYERS' RECIPROCAL et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 11981—Opinion Filed July 12, 1921.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Act—Injuries Arising in "Course of Employment."**

An employe injured in attempt to extinguish a fire which had accidentally developed in the lease where the employe was working in drawing rods from a well, was injured in the "course of his employment" within the provisions of the Workmen's Compensation Act.

**2. Same—Act in the "Course of His Employment."**

An employe does not cease to be in the course of his employment merely because he is not actually engaged in doing some specifically prescribed task, if in the course of his employment he does some act which he deems necessary for the benefit or interest of his employer.

Original action by Associated Employers' Reciprocal and E. L. Robinson, petitioners, against State Industrial Commission and Basil D. McClain, respondents, to reverse award made by the State Industrial Commission in favor of the Basil D. McClain. Affirmed.

Twyford & Smith, for petitioners.

Walter P. Bauer, for respondents.

KENNAMER, J. This is an original action commenced in this court seeking to reverse an award made by the State Industrial Commission on December 4, 1920. The Associated Employers' Reciprocal and E. L. Robinson, petitioners herein, seek to vacate the award made in favor of Basil D. McClain upon the ground that the award is contrary to the evidence and the law.

The record discloses about the following state of facts: That the claimant, Basil D. McClain, while employed by E. L. Robinson and working in the capacity as roustabout on the Fulson lease, being an oil and gas lease, was injured on or about February 18, 1920. The injury appears to have happened while the claimant was fighting a fire, which had developed on the lease in some grass. It appears that the claimant had been engaged in pulling the rods from well No. 10, and just after lunch at noon the claimant was at the well waiting for other hands to bring some tools, and while waiting sat down by the side of the well and dozed off to sleep, and when he awakened he discovered that a fire had developed in the grass near the well. Claimant testified that the fire was within five feet of the well, and that he picked up a sack and undertook to extinguish the same; that in fighting the fire he burned his hands and in some way caught on fire; that he ran to a near house for help.

There appears to be no dispute about the claimant being injured. Upon a hearing of the claimant's claim for compensation the Industrial Commission made an award directing the petitioners herein to pay the claimant the sum of $15 per week during disability.

Counsel for the petitioners, in their brief filed herein, contend that the claimant is not entitled to compensation, for the reason that the claimant testified that his duties as roustabout consisted of fixing the lines, pulling rods, fixing and starting the engine, and that his own testimony shows that he was not acting in the course of his duties or employment when injured. The substance of the contention is that it was none of the duties of the claimant under his employment to fight fire. A casual statement of the contention demonstrates the absurdity of the contention. While it is true he was not employed to fight fire, it is obvious that he would be an unworthy servant if he stood idly by and watched his employer's property destroyed by fire without making any effort to protect it.

While the petitioners make some contention that there is no evidence that the fire was upon the lease of the employer, we deem it sufficient to say that there was evidence to the effect that the fire was within five feet of the well where the claimant was engaged,

and there is no merit in this contention. It is undisputed in this cause that the claimant was on the lease where his duties required him to be; that the injuries of the claimant resulted from trying to extinguish a fire that had accidentally developed on the premises, and no contention is made that the injury is the result of the willful or intentional conduct of the claimant, and we have no hesitancy in saying that upon the facts as disclosed by this record the award was properly made.

Counsel for the petitioners have cited many authorities to the effect that the burden is upon the claimant to establish by the evidence that the injury was caused by an accident arising out of and in the course of his employment. There is no question but that is the correct rule; but in the case at bar the claimant was upon the premises where his duties required him to be, and he was injured by an accident while attempting to extinguish a fire which was likely to destroy the property of his employer, and no serious contention is made that his injury was a result of any intentional or willful act upon his own part; but we assume counsel for petitioners have presented the cause to this court upon the theory that the claimant must have been actively engaged in doing some specific or particular act which the employer had directed him to do. This is not the rule, and the English and American authorities almost uniformly have repudiated such doctrine.

In the case of Stasmos v. State Industrial Commission et al., 80 Okla. 221, 195 Pac. 762, this court, in a well-considered case, said:

"The latter authority (1 C. J. 390) defines the word 'accident' as follows: 'Accident, in its legal signification, is difficult to define; it is not a technical legal term with a clearly defined meaning, and is used in more senses than one. * * *. The word denotes * * * an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore unexpected; chance, casualty, * * * an event happening without any human agency; or, if happening through human agency, an event which under the circumstances is unusual or unexpected by the person to whom it happens; an event which, under the circumstances, is unusual and unexpected by the person to whom it happens.' Under this definition we think the injury was 'accidental' within the meaning of the statute. It was sudden and unlooked-for, and the purpose of the act is to insure the workman at the expense of his employer against personal injury not expected or designed by the workman himself, provided such injuries arise out of and in the course of employment."

In the case of Hartz v. Hartford Co., 90 Conn. 536, 97 Atl. 1021, the Supreme Court of Connecticut said:

"If a workman depart temporarily from his usual vocation to perform some act necessary to be done by someone for his master, he does not cease to be acting in the course of his employment."

In the case of Durham v. Brown Brothers, 1 S. C. Sess. Cas. 5th Series, 279, 36 Scot. L. R. 190, it was held:

"A servant does not cease to be in the course of his employment merely because he is not actually engaged in doing what is specially prescribed to him, if in the course of his employment an emergency arises and, without deserting his employment, he does what he thinks necessary for the purpose of advancing the work in which he is engaged in the interest of his employer."

To the same effect, many other authorities may be cited. See Reece v. Thomas, 1 Q. B. (Eng.) 1015; Rzepcznyski v. Manhattan Brass Co., 179 App. Div. 952, 165 N. Y. Supp. 1110; Ocean Accident, etc., v. Industrial Commission (Cal.) 182 Pac. 35; U. S. F. & G. Co. v. Industrial Commission, 174 Cal. 616, 163 Pac. 1013; Borin's Case, 227 Mass. 452, 116 N. E. 817; Southern Surety Co. v. Stubbs (Tex. Civ. App.) 199 S. W. 343; Gen. Acci., etc., v. Evans (Tex. Civ. App.) 201 S. W. 705.

Finding no error in the award made, the same is affirmed.

PITCHFORD, V. C. J., and JOHNSON. MILLER, and ELTING, JJ., concur.