OKLAHOMA RAILWAY CO. v. CANNON et al.

No. 32700. Dec. 17, 1946.

*176 P. 2d 482.*

Richardson, Shartel, Cochran & Pruet, F. M. Dudley, and R. C. Jopling, Jr., all of Oklahoma City, for petitioner.

W. F. Smith, of Oklahoma City, for respondents.

HURST, V.C.J. This is an original proceeding to review an award of the State Industrial Commission in favor of the respondent, Bill Cannon, against the petitioner, Oklahoma Railway Company, which carries its own risk. There is no question as to the nature and extent of the injury sustained. The only question presented is whether the injury arose out of and in the course of the employment of the respondent.

The State Industrial Commission found the facts as follows:

"That on January 29, 1946, the claimant was in the employment of the respondent as a driver and operator of a motor driven bus or automobile for the transportation of passengers for hire and compensation in the City of Oklahoma City, and that respondent was engaged in that business; that on said date and in the operation of said bus an emergency arose in that a third party driving an automobile had caused the route of the claimant's bus to be blocked by reason of an entanglement of said third party's car with a guywire adjacent to the route prescribed for the operation and in the furtherance of this respondent's business, the claimant went to the assistance of said third party, and to clear the roadway or route for said bus and while in said act received the hereinafter described injury."

"That on January 29, 1946, the claimant herein was in the employ of the respondent, engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and on said date he sustained an accidental personal injury, arising out of and in the course of his employment, as hereinbefore set out, consisting of an injury to his back."

There is a conflict in the evidence on some of the material issues.

Respondent testified that he was instructed to load and unload passengers in the zones established for that purpose; that the car sought to be removed was entangled in a guywire and was in the loading zone, which was designated as such by a representative of the company, near the intersection of S.E. 15th and Eastern avenue in Okla-

homa City, some distance from the downtown area; that the inference from respondent's testimony is that he thought he could not get the bus past the entangled car without hitting the front of it; that there were cars in front of the entangled car so that he could not pull past the entangled car and draw up beside the curb and unload passengers; that he had had one accident before and was advised by representatives of the company not to get in any more tight places; and that he had been working as an extra bus driver and had been driving no regular route and had driven this particular route but a few times. During the trial, the respondent apparently made a rough drawing of the scene of the accident, which is not in the record.

A witness for the petitioner testified that all bus drivers, including respondent, were instructed not to assist other vehicles unless they were involved in an accident with the bus, and that in the event cars were wrongfully parked in loading and unloading zones, it was the duty of the bus drivers to call the dispatcher of the company, who would either remove the vehicles or call the police and have it done. The respondent testified that he understood that the rule with reference to calling the dispatcher applied only to the downtown areas because of the traffic and the importance of not permitting part of the bus to extend into the intersection while unloading and loading passengers.

Petitioner argues that, since respondent was violating instructions in helping to remove the car from the zone and was performing no service for the benefit of the petitioner, the injury did not arise out of and in the course of his employment. In support of this argument, petitioner cites the following cases: Baker v. State Industrial Commission et al., 138 Okla. 167, 280 P. 603; Farmers Gin Co. et al. v. Cooper et al., 147 Okla. 29, 294 P. 108; Hartford Accident & Indemnity Co. et al. v. Lodes et al., 164 Okla. 51, 22 P. 2d 361; Indian Territory Illuminating Oil Co. et al. v. Lewis et al., 165 Okla. 26, 24 P. 2d 647;

Eagle-Pitcher Mining & Smelting Co. v. Davison et al., 192 Okla. 13, 132 P. 2d 937; Garrahan v. Glen Alden Coal Co., 149 Pa. 1, 26 Atl. 2d 138; Great Atlantic & Pacific Tea Co. v. Industrial Commission et al., 347 Ill. 596, 180 N.E. 460; Reis v. Breeze Corporations, Inc., 129 N.J.L. 138, 28 Atl. 2d 304; Ruff v. Industrial Accident Commission et al., 123 Cal. App. 168, 11 P. 2d 17; Salt Lake City v. Industrial Commission et al., 103 Utah, 581, 140 P. 2d 644.

The cases from this jurisdiction cited by petitioner construe and apply the statutory rule prescribed by 85 O.S. 1941 § 11, that for the injury to be compensable it must be one "arising out of and in the course of his employment". None of the cases involved a fact situation similar to that involved in this case. The cases from the other jurisdictions cited by the petitioner were cases involving the violation of the instructions of the employer.

To support his contention that the injury arose out of and in the course of his employment, respondent cites Canady Co. et al. v. McDougal et al., 135 Okla. 63, 273 P. 1000; Prairie Oil & Gas Co. v. McNellis et al., 146 Okla. 204, 293 P. 1026; Coon et al. v. Morton et al., 189 Okla. 40, 113 P. 2d 192; Allison, Inc., et al. v. Boling et al., 192 Okla. 213, 134 P. 2d 980; Burchfield v. Department of Labor and Industries, 165 Wash. 106, 4 P. 2d 858; Leary v. Department of Labor and Industries, 18 Wash. 2d 532, 140 P. 2d 292; Taylor v. Hogan Milling Co. et al., 129 Kan. 370, 282 P. 729; Whiting-Mead Commercial Co. v. Industrial Accident Commission, 178 Cal. 505, 173 P. 1105.

The case of Canady Co. v. McDougal, cited by respondent, holds that the fact that an employee violates the instructions of the employer with reference to the manner of performing the work does not justify denying the employee compensation where the instructions were given for the safety of the employee. The New Jersey case cited by petitioner is in harmony with this view. See, also, 71 C.J. 657, note 87. The rule is that

if the act being performed at the time of the accident is reasonably incidental to the work which the employee is performing for the employer, it may be said to arise out of and in the course of the employment. Allison, Inc., v. Boling, above.

In Associated Employers' Reciprocal v. State Industrial Commission, 82 Okla. 229, 200 P. 174, we said in the second paragraph of the syllabus:

"An employee does not cease to be in the course of his employment merely because he is not actually engaged in doing some specifically prescribed task if in the course of his employment he does some act which he deems necessary for the benefit or interest of his employer."

The State Industrial Commission was justified in believing from the evidence that respondent was not performing an act for his personal benefit, and that he thought he was performing an act which would benefit his employer by enabling him to carry out the instructions to load and unload passengers in zones established for that purpose, that the act was incidental to the performance of his duties as a bus driver, and that the rule requiring drivers to call the dispatcher and notify him when the cars were wrongfully parked in the loading zone applied only in the downtown area.

We conclude that the finding of the State Industrial Commission that the accident resulting in the injuries arose out of and in the course of the employment of respondent is reasonably supported by the evidence.

Award sustained.

GIBSON, C.J., and RILEY, OSBORN, WELCH, and DAVISON, JJ., concur.