## MARBY CONSTRUCTION CO. et al. v. MERRITT et al.

No. 33334. Sept. 28, 1948.

*198 P. 2d 217.*

H. R. Palmer and Fenton & Fenton, all of Oklahoma City, for petitioners.

Frank Seay and Dick Bell, both of Seminole, Walter Billingsley, of Wewoka, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. Claimant filed his first notice of injury and claim for compensation stating that while employed as a welder with the petitioner, Marby Construction Company, he sustained an accidental injury on the 21st day of December, 1946, when he was struck by a passing truck while on duty for the Marby Construction Company. Following proceedings conducted to determine the cause and extent of liability, the State Industrial Commission entered an award for disability resulting from an injury to the left leg at the left hip, right knee and left side and ordered payment for temporary total disability in pursuance to the findings and this proceeding is brought to review the award for temporary disability.

The evidence discloses that claimant was employed as a welder for the Marby Construction Company. On the date of the accidental injury he was engaged in welding for the Sinclair Oil Company and had completed his job of welding at approximately 12:30 p. m. He was returning to Wewoka in the welding truck with a fellow employee, Willie Mitchell. He was signaled by a driver of an automobile, James Hampton, whereupon he proceeded for a distance of approximately 100 feet in front of the automobile of James Hampton and stopped his welding truck. There is a dispute in the evidence as to what occurred thereafter, James Hampton, Willie Mitchell and two other witnesses stated that claimant went to the automobile and returned to his welding truck where he obtained some gasoline and carried the same to the Hampton car in a can; that while he and James Hampton were attempting to start the automobile by drawing the gasoline through the carburetor the engine backfired and the gasoline caught fire. In the confusion that resulted claimant stepped in the path of a pick-up truck driven by William Armstrong and sustained the injury for which he claims the right to an award. The claimant alone testified that he got out on the driver's side of the welding truck and immediately upon stepping on the highway was struck by the pick-up truck driven by William Armstrong.

Petitioners argue that it is the duty of the State Industrial Commission to

determine whether it believed the witnesses who testified that claimant went to the Hampton automobile and returned, as described by them, and was injured when in the confusion he attempted to dispose of the burning can of gasoline; or believed claimant when he testified that he was struck before he ever reached the Hampton car. Petitioners cite in support of this proposition Corzine v. Traders Compress, 196 Okla. 259, 164 P. 2d 625; Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159; and Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 P. 522. All of these cases, with the exception of Prairie Oil & Gas Co. v. King, supra, were remanded to the State Industrial Commission because an award had been denied upon a basis that was too indefinite. In Prairie Oil & Gas Co. v. King, supra, the State Industrial Commission made no finding that the claimant therein sustained an accidental injury arising out of and in the course of his employment. The claimant counters the proposition presented by the petitioners with the argument that this court is bound to assume that the State Industrial Commission believed his statement that he was injured immediately upon leaving his truck and before he had reached the Hampton car. He further states that his testimony, together with that of Willie Mitchell, is that the reason they stopped was that they were of the opinion that some supervisor of the Sinclair Oil Company had further duties for them to perform.

We have held that an injury does not arise out of the employment within the meaning of 85 O. S. 1941 §1 et seq., unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind upon consideration of all the circumstances a causal connection between conditions under which the work is required to be performed and the resulting injury. Southern Surety Co. v. Galloway, 89 Okla. 45, 213 P. 2d 850; Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P. 2d 163; Oklahoma Gas & Electric Co. v. Stout, 179 Okla. 312, 65 P. 2d 477.

This is the general if not the universal rule. The cases involving the question of whether or not the accidental injury arises out of and in the course of the employment may be found, among other places, in the annotation to Pearce v. Industrial Commission, 299 Ill. 161, 132 N. E. 440, in 18 A. L. R., at page 525, and the Blue Book Supp. of annotated cases. Many of these cases involve going to and from work or some personal encounters (In re McNicol, 215 Mass. 497, 102 N.E. 697), or some personal task undertaken by the employee aside from his regular duties. In Sellers v. Reice Const. Co., 124 Kan. 550, 262 P. 19, the Supreme Court of Kansas held that an employee working in a construction gang, injured by a train while attempting to move the foreman's car because the employee thought the car was in danger of being struck by a lumber truck crossing the railroad near which the car was parked, did not sustain an accidental injury arising out of and in the course of the employment.

The claimant relies strongly on Oklahoma Railway Co. v. Cannon, 198 Okla. 65, 176 P. 2d 482. Therein the award was based on the assumed fact that the claimant had a right to clear a bus stop, where he was injured removing an automobile from the stop. In Stanolind Pipe Line Co. v. Davis, supra, this court vacated an award made to an employee who was assaulted by two men as he was loading his car with some tools of the employer preparatory to leaving the premises. In Southern Surety Co. v. Galloway, supra, an award was vacated where the claimant was injured when he drove his team with plow attached to a designated place and went across the street to a bread wagon to get something for lunch, and while returning was struck by an automobile driven by a third party.

In Stuart v. Kansas City (Kan.) 171 P. 913, and Thomas v. Proctor & Gamble

Mfg. Co., 104 Kan. 432, 179 P. 372, 6 A. L. R. 1145, it is declared to be the rule that certain acts performed by an employee may be within the phrase "arising out of and in the course of the employment" even though the incident causing the injury be not directly connected with the employment, where the employer as a practice or custom permitted such acts leading to the accidental injury.

In the case at bar the claimant did not attempt to develop a theory of any custom of the employer to permit or allow its employees to go to the assistance of travelers in distress, but claimant chose rather to rely on the statement that he thought a Sinclair man wanted him to go to another job.

Under all of the facts and circumstances, we are of the opinion and hold that there is no evidence justifying the finding of the State Industrial Commission that the accidental injury arose out of and in the course of the employment.

The award is vacated and the cause remanded to the State Industrial Commission, with directions to dismiss the claim.

BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur. HURST, C.J., DAVISON, V.C.J., and LUTTRELL, J., dissent.