DENTON et al. v. YOUNG et al.
WELLER CONST. CO. et al. v.
YOUNG et al.

Nos. 33681, 33683.   Dec. 26, 1950.

*226 P. 2d 406.*

George E. Fisher, of Oklahoma City, for petitioners T. H. Denton and Traders & General Insurance Company.

Pierce, Rucker, Mock, Tabor & Duncan and Donald F. Gust, all of Oklahoma City, for petitioners Weller Construction Company, Dolese Company and Maryland Casualty Company.

Schwoerke & Schwoerke, of Oklahoma City, for respondent Thomas N. Young.

Mac Q. Williamson, Atty. Gen., for State Industrial Commission.

O'NEAL, J. There are here presented petitions by T. H. Denton and his insurance carrier, Traders & General Insurance Company, Weller Construction Company and Dolese Company and their insurance carrier, Maryland Casualty Company, to review an award of the State Industrial Commission awarding compensation to respondent Thomas N. Young.

The facts are not in dispute. They are: Weller Construction Company, hereinafter referred to as Weller Company, is engaged in general construction work. It obtained a contract from the owner of the premises to construct a brick building for him at 326 S.W. 25th street, Oklahoma City. It subcontracted the brick work on the building to T. H. Denton. It also entered into a contract with Dolese Company to haul and deliver sand on the job to be used in the construction of the building. Weller Company had for its insurance carrier, Maryland Casualty Company. T. H. Denton, subcontractor, had for his insurance carrier, Traders & General Insurance Company. Dolese Company had for its insurance carrier, Maryland Casualty Company.

Respondent was employed by T. H. Denton, subcontractor. His work consisted of mixing mortar to be used in the laying of the brick.

On or about the 7th day of January, 1948, an employee of Dolese Company delivered a load of sand to be used on the job. The sand was dumped at a place directed by Denton, the subcontractor, and, within a few feet from the place where respondent was working. After the sand had been dumped the machinery on the truck which operated to hoist the dump was out of order and did not work and the driver of the truck attempted to raise the bed and place it in proper position. The machinery then suddenly started working and pinned the driver of the truck between the bed thereof and the cab. It was impossible for him to release himself from this position and he was in a dangerous and perilous position at the time. He then called upon respondent who was working close by for help. Respondent and another employee of T. H. Denton came to his rescue and together they raised the bed of the truck a sufficient height to permit the driver to extricate himself from his position. Respondent while engaged in this work suffered a severe strain to his arm and back resulting in some personal disability to his person. Respondent was not and never had been an employee of Dolese Company but was in the exclusive employment of Mr. Denton, subcontractor, at the time he sustained his injury.

On this evidence the trial commissioner, in substance, found that on January 7, 1948, while in the employ of T. H. Denton, construction subcontractor, and the Dolese Company, respondent sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to the lumbar region of his back, left shoulder and left arm; that as a result thereof he was temporarily totally disabled from that date, less the five-day waiting period, to February 9, 1945, and that he had sustained a ten per cent permanent partial disability

to his body as a whole, and on such findings entered an award against T. H. Denton, subcontractor, and his insurance carrier and Dolese Company and its insurance company for $84, temporary total disability, and the sum of $1,050 for permanent partial disability, and entered an award holding Weller Construction Company and its insurance carrier secondarily liable. The award as entered against the several different parties is based on the findings as follows:

"That T. H. Denton was a sub-contractor for profit under said Weller Construction Company, engaged in doing the brick laying and other incidental work in connection with said building project."

"That all the conditions, circumstances and acts constituting the accidental personal injury of claimant were so closely connected with and incidental to claimant's employment duties under said T. H. Denton, sub-contractor as to bring the same within the course and arising out of said employment."

"The act of the agent and employee of said Dolese Company namely its truck driver, in suddenly calling the claimant to his aid in order to escape from great personal peril to himself, thereby constituted and employed claimant as an Emergency Employee of said Dolese Company, and that such emergency employment of claimant was in interest of and to the material benefit of Dolese Company."

The award was sustained on appeal to the commission sitting as a whole.

It is not disputed by any of the parties that respondent suffered an injury and by reason thereof sustained a disability as found and adjudged by the commission. The only controversy arising between the parties is as to who, if anyone, is liable.

Weller Company and its insurance carrier have appealed from the order insofar as it holds them secondarily liable for the injury and assert that such order is contrary to law. Dolese Company and its insurance carrier ap-

peal from the order and assert that the evidence conclusively shows that the relationship of employer and employee did not exist between the company and respondent at the time he sustained his injury and they cannot therefore under the law be held liable. T. H. Denton and his insurance carrier appeal from the order and assert that the finding of the commission that the injury sustained by respondent arose out of and in the course of his employment with the company is not sustained by the evidence and the award against them should therefore be vacated.

We will consider these contentions in the order mentioned. We agree with the contention of Weller Company that it and its insurance carrier cannot be held secondarily liable.

The evidence shows that Weller Company entered into a contract with the owner of the premises for the construction of a building. It was, therefore, an independent contractor. It subcontracted part of the work to T. H. Denton and a different part to Dolese Company. Weller Company had obtained compensation insurance and also required its subcontractors to obtain compensation insurance. In these circumstances Weller Company cannot be held secondarily liable. 85 O. S. 1941 §11; Allhands & Davis v. Scott, 164 Okla. 217, 23 P. 2d 714.

We are also of the opinion that under the evidence the award against Dolese Company cannot be sustained. The relation of employer and employee has not been shown to exist between the respondent and that company. The relation of employer and employee can only be created by contract express or implied. Campbell Oil Co. v. Elledge, 177 Okla. 601, 61 P. 2d 223. No such contract existed between respondent and Dolese Company. He cannot, therefore, under the evidence and circumstances in this case recover compensation against it and its insurance carrier. We have so held under a similar state of facts in the case of Hogan v. State Industrial Commission, 86 Okla. 161, 207 P. 303. In that case it appears that T. R. Hogan was the operator of a gin at Wilburton, Oklahoma; that he had in his employ as his superintendent a man by the name of Green. James Otto Cherry, a farmer, brought a load of cotton to the gin. When he arrived several of the gin stands were clogged. It was necessary that this condition be remedied before the gin could operate. Mr. Green, the superintendent, who was without authority to hire employees, requested Mr. Cherry, who was then standing near by, to help him to put the gin stands in order. After having been several times requested, he assisted in raising the breast of the stand and while so doing sustained an injury consisting of a torn hand and forearm to such an extent that it became necessary to amputate his arm. Mr. Cherry then filed a claim for compensation with the State Industrial Commission to recover compensation against T. R. Hogan for such injury. The commission sustained the claim and awarded compensation. The award was vacated on appeal to this court on the ground that the relationship of employer and employee did not exist between Mr. Hogan and Mr. Cherry at the time he sustained his injury and in the absence of a showing of such relationship compensation cannot be recovered under the Workmen's Compensation Act. The court in that case, after announcing the rule that the relationship of master and servant, or employer and employee, can only be created by express or implied contract and that no such contract had been shown to exist in the case, and after discussing various sections of the Workmen's Compensation Act pertinent thereto, quoting from the case of Rogers et al. v. Rogers et al. (Ind. App.) 122 N. E. 778, said:

" '. . . It is essential to the existence of every contract of employment that it be definite and certain as to parties. Parsons v. Trask, 7 Gray (Mass.) 473, 66 Am. Dec. 502. By virtue of section 4 of the Workmen's Compensation Act,

the obligation of the employer to pay, and the right of the employee to receive, compensation in accordance with the provisions of said act, becomes a part of every contract of service between every employer and employee covered by said act. . . .' "

In the case now before us there is nothing to indicate that Dolese Company intended to pay and that respondent intended to receive pay for the services rendered in releasing the employee of the Dolese Company from his perilous position.

The above case was later followed and approved in Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 P. 116.

The case of St. Louis & S. F. R. Co. v. Bagwell, 33 Okla. 189, 124 P. 320, is relied upon to sustain the finding of the commission that respondent was an emergency employee of Dolese Company.

This case was also relied upon to sustain the judgment in the Harris case, supra. In that case it appears that Harris, who was a farmer, was present upon a lease owned by Oklahoma Natural Gas Company and was watching drilling operations then in progress on the lease. At the request of an employee of the company he assisted in doing some emergency work in and connected with the drilling operations and in so doing sustained an injury. He brought a common law action for damages against the Oklahoma Natural Gas Company alleging that he sustained his injury as the result of the negligence of the company. The trial court sustained a demurrer to the petition on the ground that the injury was covered by the Workmen's Compensation Act and the court was therefore without jurisdiction to hear and try the case and entered an order dismissing the case. This court on appeal reversed the judgment holding that the injury was not covered by the Workmen's Compensation Act and that the district court had jurisdiction to try the case and, in discussion of this question, said:

"In the Bagwell Case, the question determined was whether such a legal relation existed between plaintiff and defendant as would make the injury received by the plaintiff an actionable wrong. In the case at bar the question to be determined is whether such a legal relation existed between plaintiff and defendant as will make the injury received by the plaintiff a proper subject for compensation under the language of the statute.

" 'The fundamental difference between the conception of liability and compensation is found in the presence in the one, and the absence from the other, of the element of actionable wrong.' Lewis & Clark County v. Ind. Acc. Board, 52 Mont. 6, 155 P. 268."

The Supreme Court of Washington, in the case of Hillestad et ux. v. Industrial Ins. Commission of Washington, 80 Wash. 426, 141 P. 913, in construing its industrial insurance law, which is comparable to our Workmen's Compensation Act, speaking on this question said:

"The law in its tenor and terms contemplates that the relation between employer and employee shall possess some element of certainty. It implies, if indeed it does not literally provide, that there shall be an actual contractual relation between the parties. That is, an agreement to labor for an agreed wage or compensation. . . ."

Mr. Hitt, secretary of Dolese Company, testified that the driver of the truck in the interest of humanity and as an individual would have the right when in a position of peril to call for emergency assistance.

It is contended by petitioner Denton that this evidence is sufficient to distinguish the present case from the Hogan case, supra, since in that case it was shown that the superintendent who engaged the injured party to assist in the work had no authority to hire employees, and that an award against the Dolese Company under the evidence was therefore proper.

In the Harris, case, supra, it was sought to distinguish the case from

that case on the same ground. The court held this distinction immaterial. It was there, in effect, held that although the employee of the gas company had authority under the circumstances to hire extra help, there was no evidence tending to show that a contract of employment had in fact been entered into between the parties, since there was lacking the element of wages or compensation. The court in that case, after referring to the statutory definition of employee and wages, said:

"The words 'employe' and 'wages,' as used in these definitions, are correlative terms, and their definitions should be considered together in determining who are embraced in section 2 of the act. . . ."

What is there said disposes of this question. The award against Dolese Company cannot be sustained.

We are of the opinion, however, that the award against T. H. Denton and his insurance carrier should be sustained. We think that considering all the facts and circumstances in the case it may fairly be said that the injury sustained by respondent arose out of and in the course of his employment with T. H. Denton. The Court of Appeals of New York, in Waters et al. v. William J. Taylor Co. et al., 218 N. Y. 248, 112 N. E. 727, under a state of facts almost identical with the facts in the present case so held. In that case it appears that one Roger Waters was an employee of the William J. Taylor Company, which company had contracted for the construction of part of the work on a brick building; the Duffy Contracting Company had a contract to do other work in the construction of the same building. One of the employees of the Duffy Construction Company was caught in a cave-in close to the place where Mr. Waters had been working, Waters went to his assistance and while so doing was caught in another cave-in causing him serious injury from which he later died. His widow filed a claim for compensation under the Workmen's Compensation Act of that state. She was awarded compensation for such injury. The award was sustained on appeal. The court held that the injury sustained by Waters arose out of and in the course of his employment with the William J. Taylor Company. The court said:

" . . . There is no question that Waters' attempt to rescue his fellow workman immediately led to his own injuries, and therefore the only debatable phase of the inquiry must be whether his general employment included and required or authorized the attempt to rescue from a sudden peril which threatened his life a fellow laborer working only a few feet away on the same general undertaking, although for a different employer. It seems to us that this act should be regarded as an incident to and within the fair scope of his employment as the latter should be measured for the purposes of the Workmen's Compensation Act (Consol. Laws, c. 67). It occurred while he was at work on the undertaking for which he had been hired, and therefore during the course of his employment. It was his employment which brought him where he was, and in a general sense caused him to be confronted with the condition and emergency which he sought to meet. His act was prompted by the relationship existing between himself and a fellow workman, caused by their employment on a common undertaking. It must have been within the reasonable anticipation of his employer that his employees would do just as Waters did if the occasion arose, for it is quite inconceivable that any employer should expect or direct his employees to stand still while the life of a fellow workman, working a few feet away, was imperiled by such an accident as occurred here, and it seems to us that the accident arose out of his employment."

See, also, Puttkammer v. Industrial Commission et al., 371 Ill. 497, 21 N. E. 2d 575. The reasoning in the above cases appears sound and may properly be applied to the facts in the present case.

What we have here said must be considered in the light of the facts

presented. It may not be construed to permit an employee promiscuously, and in the absence of the element of emergency, to go to the relief of others and still remain within the scope of his employment. The conclusion reached must be narrowly confined and kept within the proper limits. It must be limited to cases of urgent emergency, such case in which an employer would naturally expect his employee to go to the relief of one in dire distress.

The conclusion here reached is not in conflict with our decision in the case of Marby Construction Co. et al. v. Merritt et al., 200 Okla. 560, 198 P. 2d 217, and similar cases. As in all of these cases no emergency has been shown to exist such as would justify the employee going to the assistance of another, nor had it been shown that the assistance there rendered was to a co-worker as in the present case.

The award is vacated as to Weller Company and its insurance carrier and also vacated as to Dolese Company and its insurance carrier and is sustained as against T. H. Denton and his insurance carrier, with directions to the commission to enter an award in accordance with the views herein expressed.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, and JOHNSON, JJ., concur.