**W. S. CLOER, Petitioner,**

v.

**K & H CONSTRUCTION COMPANY, General Accident Fire and Life Insurance Company, and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 36552.**

Supreme Court of Oklahoma.

March 22, 1955.

Joe M. T. Wilson and O. B. Martin, Oklahoma City, for petitioner.

Pierce, Mock & Duncan, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

W. S. Cloer, hereinafter called claimant, filed his first notice of injury and claim

for compensation stating that on October 27, 1953, he sustained an accidental injury arising out of and in the course of his employment with respondent, K & H Construction Company, resulting in the loss of his thumb. The trial commissioner entered an award for the loss of the thumb but on appeal to the Commission en banc the award was vacated. This proceeding is brought to review the order denying the award.

The single issue is that the State Industrial Commission erred in finding that the accidental injury did not arise out of and in the course of the employment. Claimant states that the accident occurred October 27, 1953, when a truck owned by the Leonhardt Lumber Company became stalled in the back yard of a dwelling that was being constructed by the respondent. Claimant was a cabinet maker and did all the cabinet work in the dwellings constructed by the construction company and was engaged in doing the cabinet work in this particular dwelling and was present on the premises with one other employee. He stated that this employee requested him to help move the truck from its stalled position caused by a puddle of water from a recent rain. While assisting this employee in placing rocks and bricks under the back wheel of the truck, the truck backed up, caught his thumb, causing the loss thereof.

■ We think the order must be sustained under the rule announced in Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018. Paragraph one of the syllabus thereof is as follows:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

In discussing the argument that the court should review the evidence independently it is stated in the body of the above cited opinion, as follows:

"The true rule was expressed by this court in the Oklahoma Gas & Electric Co. v. Santino, 158 Okl. 70, 12. P.2d 221, as follows:

"'The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on application to vacate the award.'"

■ The evidence in the case under consideration is in conflict. Claimant testified that he was alone with the other employee and there was no other person in command and he was therefore authorized to help with the stalled truck. Both partners in the construction company testified that it was not the duty of claimant to assist in attempting to remove the truck from the mud hole. Under such circumstances there is competent evidence reasonably tending to support the finding that the accidental injury did not arise out of and in the course of the employment. The commission evidently was of the opinion that claimant was a volunteer going to the aid of one stuck in the mud. The finding of the commission was justified under the holding in the case of Marby Construction Co. v. Merritt, 200 Okl. 560, 198 P.2d 217, and similar cases.

Claimant cites Denton v. Young, 203 Okl. 688, 226 P.2d 406, in which this court held that where an emergency exists an employee might go to the assistance of a third party. There was no emergency shown in the evidence in the case under consideration. Claimant also cites Oklahoma Railway Co. v. Cannon, 198 Okl. 65, 176 P.2d 482, in which the driver of a bus was held to be within the course of his employment when he was injured in attempting to remove a car from the bus zone. The syllabus in that case is almost identical with the syllabus cited above in Standish Pipe Line Co. v. Johnson, supra. See, also in this connection, Pittsburgh Plate Glass Co. v. Morris, 178 Okl. 273, 62 P.2d 645, also relied upon by claimant.

There is competent evidence reasonably tending to support the order denying the award.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY and JACKSON, JJ., concur.

CORN, J., dissenting.