**Alma K. WHITE, Petitioner,**

v.

**MILK PRODUCERS, INC., et al.,**
**Respondents.**

**No. 45060.**

Supreme Court of Oklahoma.

March 28, 1972.

Donovan, Freese & Downing, Tulsa, for petitioner.

Paul V. McGivern, Jr., Tulsa, for respondents.

DAVISON, Vice Chief Justice.

Presented here for review is an order of the State Industrial Court denying Alma K. White claimant below, workmen's compensation for injuries sustained while working for respondent, Milk Producers, Incorporated, respondent below. Parties will be re-

ferred to as they appeared in the State Industrial Court.

The only question presented is whether or not claimant's injuries arose out of and in the course of her employment.

Claimant was manager of respondent's milk and ice cream store which is located in a shopping center in Tulsa. The regular business hours of the store were from 10:00 A.M. to 10:00 P.M. Claimant's duties required her to keep morning hours in excess of those indicated for the public. Her duties before the opening of the store for the public included the sweeping and cleaning of the store, ordering stock for sale and defrosting the ice boxes.

On the day of the accident claimant arrived at the store at 8:10 A.M.; the weather was bad and ice had accumulated on the side walk in front of the store. Between 8:10 A.M. and 9:45 A.M. she had completed her regular routine of duties; she had waited upon one early customer and removed the ice from the front of the store when, at about 9:45 A.M., a lady whom she did not know was involved in an automobile accident while attempting to park on the parking lot of the shopping center; she did not know whether the person involved in the accident was coming to her store. She had seen her in the store before. Claimant stepped into a music store which was located to the right and adjacent to her store and asked the lady in that store to call the police and ambulance for help. Claimant then proceeded in the direction of the distressed car to lend assistance. In doing so she passed her store and was on the walk immediately in front of a cleaning and pressing shop which was located to the left and adjacent to her store where she slipped on the ice, causing severe injuries. Two bread delivery men went to the aid of the third party.

The above was the only evidence introduced, except medical testimony.

The trial judge found that "claimant's injury did not arise out of her employment with Respondent, and her claim for compensation should be denied."

The order and judgment of the trial judge was adopted and affirmed on appeal by the State Industrial Court, sitting en banc.

For reversal claimant cites and relies on the following cases: Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 82 Okl. 229, 200 P. 174; Oklahoma Railway Co. v. Cannon, 198 Okl. 65, 176 P.2d 482, and Denton v. Young, 203 Okl. 688, 226 P.2d 406.

The cited cases are not helpful to claimant. In Associated Employers' Reciprocal, supra, the employee was working on an oil well in the course of his employment when a fire was accidentally started near the well. Claimant was injured while fighting the fire. An award to claimant was affirmed on the theory that claimant was doing an act which he deemed necessary for the benefit or interest of his employer.

In Oklahoma Railway Company, supra, we sustained an award to claimant who was injured while attempting to clear an area where he was told that his passengers must be unloaded. Claimant was performing an act which he deemed necessary for the benefit or interest of his employer.

In Denton, supra, claimant was injured while assisting a fellow employee (different employers but working on the same building) who was in a dangerous and perilous position a few feet from claimant. The award in favor of claimant was sustained on the theory that his act was prompted by the relationship existing between himself and a fellow workman, caused by their employment on a common undertaking.

In the present case the volunteer act on behalf of the claimant was that of a good citizen, having nothing to do with her employment nor with the furtherance of the business of her employer.

Under the facts in the present case the order of the trial court is sustained under rule set forth in the case of Marby Construction Company et al. v. Merritt, 200 Okl. 560, 198 P.2d 217. In that case claimant, an employee of Marby, stopped the

**1174**

company truck on the highway to assist a third party who was standing by his car signaling for help. While aiding the third party claimant was struck by an oncoming car and sustained injuries.

Our court denied an award on the theory that "Injury does not arise out of employment unless it results from risk reasonably incident to employment, and causal connection exists between conditions under which work is required to be performed and resulting injury." Also see Nineteenth Seed Company v. Townsend, Okl., 394 P.2d 531; Hegwood v. Pittman, Okl., 471 P.2d 888; Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163.

For claimant's second proposition for reversal she argues that the sidewalk and parking lot is as much a part of respondent's premises as the inside of the shop for the reason a shopping center location is not an ordinary public thoroughfare. She argues that the parking lot and sidewalk were built for the convenience of the lessees of all shops in the shopping center and that the inducement for a shopping center location is the drawing power of the other businesses in the area.

In support of this proposition claimant cites and relies on the case of Swanson v. General Paint Co., Okl., 361 P.2d 842, and other similar parking lot cases.

Swanson and other parking lot cases hold that the injury incurred by workmen in passing from parking lot, constituting part of employers' premises, to working place, arises out of and in the course of employment.

We are of the opinion and hold that the parking lot cases are distinguishable under the facts in the present case. In this case the claimant was not acting in furtherance of her employment but on a mission of her own as a good citizen offering help to a third party. She was not placed in a situation from which injury resulted by any necessities of her employment.

Under the rule of law announced in such cases as Marby Construction Company v.

Merritt, 200 Okl. 560, 198 P.2d 217; Nineteenth Seed Company v. Townsend, Okl., 394 P.2d 531; and Hegwood v. Pittman, Okl., 471 P.2d 888, we are of the opinion that the order of the trial court was supported by competent evidence.

Order sustained.

All Justices concur.