**INTERNATIONAL SPA and Associated Indemnity Co., Petitioners,**

v.

**Gayland JONES and the State Industrial Court, Respondents.**

**No. 46792.**

Supreme Court of Oklahoma.

July 23, 1974.

Watts, Looney, Nichols, Johnson & Hayes, by H. W. Nichols, Jr., Oklahoma City, for petitioners.

Henry C. Starke, Oklahoma City, for respondents.

HODGES, Justice.

Claimant sustained a back injury while employed by petitioners, hereafter respondents. A trial judge awarded medical expenses, temporary total compensation, and 5% permanent partial disability to body as a whole, upon this finding: " * * * claimant sustained the injury while engaged in an activity that although was not part of his employment, it was condoned by the respondents." This proceeding for review seeks to vacate this order upon the ground this alleged injury did not arise out of and in course of employment.

Evidentiary matters which give rise to the issue are neither involved nor conflicting. Respondents operated a health club which offered physical exercises, including mechanical exercise equipment, steam and whirlpool baths, etc. Claimant, an 18 year old practitioner of oriental arts and self-defense, was employed as a physical instructor at time of alleged injury. Some Yoga exercises, i. e., sitting cross-legged, were taught, but no exercise or instructions involving so-called martial arts was given. When not engaged in teaching, claimant would practice some activities before a mirror and spectators. Although not part of his duties, respondents indulged claimant's propensities for these activities. The day claimant was injured he completed his prescribed duties and, of his own volition, proceeded to the "work out" room to practice oriental arts, which involved performance of high kicks before a mirror.

While so engaged claimant turned, stepped on a clamp and fell injuring his left leg and lower back. There was direct testimony claimant's back "popped" audibly during execution of a high kick (Kung Fu) at the lateral rack.

Respondents contend claimant's injury did not arise out of and in the course of the employment, particularly in view of our recent decision in Belscot Family Center, Inc. v. Sapcut, 509 P.2d 905 (Okl. 1973). In that decision we stated injury arising out of employment must result from a risk reasonably incident to the employment, with causal connection between employment and injury being shown. Respondents then analyze relevant facts surrounding claimant's injury and point out absence of an essential element, in that injury occurred while claimant was engaged in activity not a part of the employment. Also see Liebmann Artic Ice Co. v. Henderson, 486 P.2d 739 (Okl.1971), and cases cited.

To support correctness of the award, claimant urges the question whether injury arises out of and in course of employment is a question of fact under circumstances of the particular case, and State Industrial Court determination of the issue will not be disturbed on review if supported by any competent evidence. Further, an employee is not outside scope of employment because not engaged in a specifically prescribed task, if performing an act in course of employment deemed necessary or beneficial to the employer, or reasonably incident to the work being performed.

Evidentiary summation measured by early decisions, i. e. Assoc. Employers Reciprocal v. State Ind. Com'n, 82 Okl. 229, 200 P. 174 (1921) and R. J. Allison, Inc. v. Boling, 192 Okl. 213, 134 P.2d 980 (1943), is basis for the conclusion this award should be sustained. Cursory examination of these and, related decision, discloses their failure to support claimant's argument. The principle stated in these decisions evolved from consideration of facts reflecting an employce's performance of a specially assigned task as in Boling, supra, or injury occurring while an employer was acting in an emergency, as in Assoc. Employers, supra.

We are of the opinion the award reviewed must be vacated for reasons hereafter stated. It is axiomatic the State Industrial Court has jurisdiction to award compensation only for accidental injury which arises out of and in course of hazardous employment. 85 O.S.1971 §§ 3(7), 11. The test applied is not what an employee did on other occasions, but what he was doing at time of alleged injury. Hieronimus v. Phillips Pet. Co., 460 P.2d 944 (Okl.1969). Whether injury arose out of and in course of employment ordinarily is a question of fact for State Industrial Court. However, where there is no dispute as to the facts the issue is a question of law. Pool Well Servicing Co. v. Morris, 389 P.2d 981 (Okl.1964).

The trial court determined claimant's injury was not sustained in the course of employment. Having made this determination the court was without jurisdiction to award compensation for injury incurred while engaged in activity not within course of employment. The mere condoning of an activity, which is not reasonably incident to the scope of employment, is not compensable. In this case, claimant's activity was self serving and unrelated to the duties of his employment.

Award vacated.

All Justices concur.