## INDIAN TERRITORY ILLUMINATING OIL CO. v. WHITTEN et al.

No. 21777.   Opinion Filed June 9, 1931.

Rehearing Denied July 28, 1931.

Clayton B. Pierce, for petitioner.

Otis T. Graham, Jr., for respondents.

CLARK, V. C. J. This is an original action filed in this court by the Indian Territory Illuminating Oil Company, petitioner, to review an award made and entered on the 2nd day of February, 1930, wherein the respondent, Albert Whitten, was given an award for accidental injuries in the sum of $18 per week for a period of 37 weeks for temporary total disability, and said award was continued weekly until further ordered by the Commission.

Petitioner contends first:

"That the accident of December 1, 1929, did not arise out of the employment, or did not occur in the course of the employment. An award for compensation of disability caused by such accident is contrary to law."

The record discloses that the respondent, Whitten, received two injuries which were by the Industrial Commission considered together; the first accident occurring December 1, 1929, and the second accident February 19, 1930.

The record discloses that the respondent, Whitten, was in the employ of petitioner, and engaged in a hazardous occupation covered by the provision of the Workmen's Compensation Law.

The petitioner employed Whitten in the month of October, 1929, at a salary of $135 per month; was sent to the Seminole district to work for petitioner as a carpenter. He owned his own car and would drive from Oklahoma City to his work and would remain in the fields at or near his work; that he used his car for the transportation of himself and fellow workmen; that on November 30, 1929, he was informed by petitioner's foreman that the work in the Seminole district was complete and that he would be needed in the Oklahoma City field. He was requested to bring some tools, a pinch bar, a hammer, and a water keg or container belonging to the petitioner and

deliver the same to the Oklahoma City field or to petitioner's lease in the Oklahoma City field, where respondent was to continue work for petitioner. He arrived in Oklahoma City at his home about 11 o'clock on the night of November 30, 1929. The next morning he drove out to the city field early and arrived at petitioner's place of business on petitioner's lease about 7 o'clock a. m. Petitioner's foreman did not appear until about 10 o'clock a. m. The foreman delivered to respondent his check for previous salary earned, and stated to respondent that he could lay off that day, the same being Sunday, and return to work the next morning. The foreman further stated to respondent that the tool house was locked and to take the tools home with him that he had in his car and return to the lease the next morning. On his way home respondent's car was struck by the car of a third party and respondent was seriously injured. Respondent remained in the hospital several days unconscious and on February 18, 1930, returned to work.

On the 19th day of February, 1930, respondent was struck on the head by a two by four. He did not return to work on the 20th because he was feeling too bad, according to his testimony, but did go back on the 21st. He reported the injury of the 19th to Mr. Gehring, petitioner's foreman. On February 24, 1930, he was laid off, and after that time his condition grew worse.

It is not seriously contended by petitioner that respondent was not disabled on date of trial of this cause before the Industrial Commission, but it is seriously contended that this disability was the result of the accident of December 1st, and that the accident of February 19, 1930, did not accelerate or contribute to the disability.

The respondent was engaged in a hazardous occupation. It was necessary for him to go to and from his work. It was necessary for him to return from the Seminole field that he might be at the Oklahoma City field to perform labor for petitioner. On the particular date of the injury he was hauling tools for petitioner. He hauled the tools out to petitioner's lease and had instructions to haul the tools back to respondent's home and return back the next morning. The respondent was performing duties for the petitioner at the time of the accident.

We are of the opinion this comes clearly within the rule announced in the case of Motor Equipment Co. v. Stephens, 145 Okla.

156, 292 Pac. 63. The first paragraph of the syllabus of which reads as follows:

"In order for an employee to be entitled to compensation under the Workmen's Compensation Act, it must be shown that the employee sustained an accidental injury while in the course of his employment, and that the employee devotes a portion of his or her time to manual or mechanical labor of a hazardous nature, and is not an employee engaged as a clerical worker exclusively, and that the accidental injury was connected with or incident to one of the industries, plants, factories, lines, or occupations of trade mentioned in section 7283, and amendment thereof (Laws 1923, c. 61, sec. 1)."

The case at bar is a stronger case, for the reason, in the Motor Equipment Case, supra, the employee was traveling from one point to another upon the highway.

As to the accident of February 19th, and resulting injury, there is a dispute as to whether same occurred or not; however, there is sufficient evidence to support the finding of the State Industrial Commission that said accident did occur, as stated by respondent.

The two accidents and resulting injuries were considered by the Industrial Commission together. Petitioner complained of this action; however, the petitioner fails to point out any prejudicial error in so considering the two together. The record discloses that prior to the accident of February 19th, respondent was able to return to work and subsequent to that time has gradually grown worse until on the date of the trial he was totally disabled, and the finding of the Industrial Commission that respondent was temporarily toally disabled as a result of both accidents is supported by competent evidence and will not be disturbed by this court on review.

Several cases are cited by petitioner which petitioner contends hold that the accident of December 1, 1929, did not arise out of and in the course of employment of respondent with the petitioner. A careful examination of those cases cited discloses that the same are not controlling here, for the reason in each case a different state of facts existed from the facts in the case at bar.

Judgment and award of the State Industrial Commission is affirmed

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

RILEY, J., dissents.