## MUSKOGEE TRANSFER & STORAGE CO. v. SOUTHERN SURETY CO. OF NEW YORK.

No. 22778.   Jan. 29, 1935.

Thos. W. Leahy and Forrester Brewster, for plaintiff in error.

Charles P. Gotwals, John T. Gibson, Wm. A. Killey, and James D. Gibson, for defendant in error.

PER CURIAM.   The defendant in error, Southern Surety Company of New York, a corporation, plaintiff below, brought suit to recover the sum of $602.75 from the plaintiff in error, the defendant below, which it had paid out and expended in satisfaction of the claims of one Guy Heaton, an employee of Gravelle & Hamblin, road contractors, sustained as a result of a collision between the car Heaton was driving and a truck owned and operated by the defendant on State Highway No. 27 near Boynton, Okla., on the 13th day of September, 1928, the said plaintiff at the time of the injury being an insurance carrier for the said contractors, Gravelle & Hamblin.

On the day of the injury, Heaton, a mechanic, employed to service certain trucks, concrete mixers, and equipment of said road contractors on a job of road construction work near Konawa, Okla., was directed by his employers to go to Muskogee, Okla., and procure some mechanical parts and an engine, and was returning to Konawa at about 9 o'clock in the evening, driving his own automobile, and accompanied by certain other parties, when his car collided with defendant's truck, and as a result of the collision, his left arm was broken between the wrist and elbow, and other injuries were sustained.

The plaintiff being an insurance carrier under the Workman's Compensation Act for the road contractors, Gravelle & Hamblin, was required by the injured employee, Heaton, to pay him compensation in the sum of $321, physician's bill in the sum of $175, and hospital expenses in the sum of $106.75, and thereupon took from said injured employee an assignment of his cause of action for damages, and thereafter sued the defendant for a recovery of the same under the provisions of the insurance policy and the Oklahoma statutes applicable thereto.

The defendant by demurrer and answer challenged the plaintiff's right to sue, and also denied that compensable loss had been sustained by the injured employee.   The case was tried to a jury and a verdict was returned for the plaintiff for the amount sued for, and defendant appealed.

The plaintiff in error makes two assignments of error, to wit:   That the cause of action sued upon is not assignable, and that no compensable loss, as contemplated by the insurance policy and the law, was sustained by the injured employee.

The first assignment is determined by section 13368 of the 1931 Oklahoma Statutes, which provides as follows, to wit:

"13368.   Injury by Third Person—Election of Remedies—Subrogation of Employer or

Insurance Carrier. If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation."

It appears that the amount sued for was the exact amount paid out by the plaintiff, and that the injured employee had filed a proper election with the plaintiff to take the compensation provided by the insurance policy and the law, in lieu of his remedy against the defendant. Ridley v. United Sash & Door Co., 98 Okla. 80, 224 P. 351; Eagle-Picher Lead Co. v. Kirby, 109 Okla. 96, 235 P. 176; Sinclair Oil & Gas Co. v. State Industrial Com., 151 Okla. 228, 3 P. (2) 438.

As to the second assignment of error, it is not disputed that Heaton was a general mechanic charged with the duties of keeping the trucks, concrete mixers, and other equipment in a going condition on the construction job at Konawa; that he was directed by his employers to go from there to Muskogee and procure certain parts and an engine; that he was directed by his employers at Muskogee to return without the engine, but with the parts thus procured; that he was on his direct route from Muskogee back to Konawa when he received the injuries complained of, and that he was driving his own automobile. The defendant contends that the injured employee was not engaged in his work as a mechanic at the time of receiving his injuries, but we fail to find merit in that contention in view of the previous holdings of this court and the generally accepted adjudicated authorities upon the subject. It is self-evident that the continuous operation of trucks and concrete mixers requires the procurement and replacement of parts and repairs that may not at all times be kept upon the operating premises. How were the employers to procure them unless they send a competent employee to a place where they might be obtained? Oklahoma Gen. Power Co. et al. v. State Industrial Com. et al., 108 Okla. 251, 235 P. 1095; Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63; Indian Territory Illuminating Oil Co. v. Whitten et al., 150 Okla. 303, 1 P. (2d) 756; Ft. Smith Aircraft Co. v. State

Industrial Com., 151 Okla. 67, 1 P. (2) 682; Gooldy et al. v. Lawson et al., 156 Okla. 259, 9 P. (2d) 22.

The construction of public roads is designated by the statute as a hazardous employment, and mechanical service is an essential incident to modern road construction work.

Neither of said assignments of error being well taken, and there being no objections to the instructions of the court, and the verdict being supported by sufficient evidence, it follows that the judgment of the trial court should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys D. E. Johnson, J. C. Cornett, and Wm. S. Hamilton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Johnson and approved by Mr. Cornett and Mr. Hamilton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter upon consideration by a majority of the court, this opinion was adopted.