## TOM DOLAN HEATING CO. v. FEVERSTON et al.

No. 27594.  Sept. 21, 1937.

Rehearing Denied Nov. 9, 1937.

A. J. Follens, for petitioner.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding by Tom Dolan Heating Company, petitioner, to review an award made in favor of Alvin Feverston, respondent. The parties will be referred to as petitioner and respondent.

On the 23rd day of October, 1936, the State Industrial Commission entered an award finding that respondent sustained an accidental injury while engaged in hazardous employment and awarded respondent temporary total disability.

Respondent Alvin Feverston, in his own behalf testified that on December 19, 1935, while employed by the Dolan Heating Company as furnace man he sustained an accidental injury; that he was working out at Nichols Hills putting in a furnace and while driving a truck back to the shop at 614 W. Grand in Oklahoma City, as he came into the shop he found that another truck had parked on the opposite side of the alley and he was forced to make a sharp quick turn, which threw all his weight on the steering wheel and he injured his back. The accident happened between 4:30 and 5 p. m.; that he saw Mr. Ray Dolan at the office on the 20th day of December, 1935, and informed him of the accident and told him about seeking services of a doctor in connection with the injury and was advised by Dolan to return to the doctor for treatment.

Several witnesses testified as to the nature of the work that respondent was doing. It was in substance that when a furnace was to be installed, two men were sent on the job; the job at the place where they were working ceased at 4:30 p. m.; the man in charge was designated as the mechanic and the other was designated as the helper. It was the duty of the mechanic to come back to the shop with the truck, turn in the tools, and the time of himself and his helper, and it was not necessary for the helper to return to the shop at all. Ray Dolan testified that he had several rules regarding the helper and the mechanic, but admits that none of these rules were posted or published by him, and it is not stated in the record anywhere that respondent was advised of these rules. In fact, the testimony as to these rules is in general terms and does not deal definitely with the respondent.

The first specification of error argued is No. 2. It is that said order is void and contrary to law. It is presented in four subdivisions, which are, briefly, first, that the employment was not hazardous; second, that respondent was not employed at the time of the accident; third, that respondent refused medical treatment; and, fourth, that respondent refused to give written notice upon the request of petitioner of the injury and nature and extent thereof. The first argument is based upon the fact that respondent had ceased his work as a mechanic and was driving the truck at the time of the injury. The returning of the truck and the tools to the shop was an act

reasonably incidental to his hazardous employment as an installer of a furnace at Nichols Hills. Muskogee Transfer & Storage Co. v. Southern Surety Co., 170 Okla. 395, 40 P. (2d) 1044. There, as here, it was claimed that the employee was not engaged in a hazardous employment when the accident occurred. We said:

"An injury is compensable under the Workmen's Compensation Law when it is sustained in the performance of an act which is fairly incidental to the prosecution of the employer's business, even though such act may not be performed on the premises where the major part of the work of the employee is done."

See, also, Indian Territory Illuminating Oil Co. v. Whitten, 150 Okla. 303, 1 P. (2d) 756; and Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63. It was as necessary that respondent return with the truck and "check in" with his tools as it was that he perform his duties as a mechanic in installing the furnace. The fact that he himself brought the truck back and was injured while bringing it back, an act incident to his employment, disposes of whether or not he was a helper whose duties ended at 4:30 p. m., at Nichols Hills, or was an employee, and it is not necessary to consider any rules in this respect. This likewise disposes of the second subdivision of specification of error No. 2, which is that the employment had ceased at the time of the accident.

The third subdivision is based upon the fact that the respondent was first requested to use the services of a chiropractor when he reported to Ray Dolan. In this connection we point out that section 13354, O. S. 1931, uses the term "medical attention." It is sufficient to state that no prejudice is shown in the case at bar, for when, on the advice of counsel, respondent objected to the use of a chiropractor, within a few days he was treated by Dr. Price, a competent medical doctor, in so far as the record discloses, without detriment to anyone involved. No prejudice is disclosed in the few days' delay occasioned by these circumstances.

Subdivision 4 of specification No. 2 is that the award is void because the respondent refused to give written notice when requested by the petitioner. This written notice is set out in the brief and is a detailed statement drawn by counsel for petitioner regarding the circumstances of the accident. The failure to give such notice, or rather to sign such statement, arises out of a conference had between the petitioner and respondent and petitioner's attorney when the counsel for petitioner presented this statement to respondent. Among other things, it contained a statement that respondent had quit work at 4:30 p. m. Respondent refused to sign this statement. This is not the notice required by statute and we know of no authority requiring such action by the respondent. It is not denied that on the next day after the accident respondent went to petitioner and informed him of his injury. The dispute as to medical treatment hereinabove cited had already transpired. The employer's first notice and the attending physician's report had already been filed on February 4, 1936, and on February 5, 1936, petitioner above its signature filed report of an initial payment. This report gave the accident as December 19, 1935, and the daily wage of respondent at $3.60 and the weekly compensation rate at $14.40. This statement was presented to the respondent thereafter on February 13, 1936.

Specification of error No. 3 is that the award is excessive for the reason that the petitioner was required to pay compensation from December 19, 1935, to October, 1936, for the reason that the evidence disclosed that the claimant was tendered and able to perform light work and refused to accept same long before the date set forth in said award.

Specification of error No. 4 is that the evidence does not support the conclusion that claimant was temporarily disabled from December 19, 1935, to October 23, 1936. Specification of error No. 5 is that the award is not supported by any competent evidence. We shall discuss these together for they involve the evidence which was conflicting.

Dr. Margo testified for the respondent that he had examined respondent on August 4 and August 12, 1936, and his testimony was given August 27, 1936, within two months of the date for which final payment was made in this award, to wit, October 23, 1936. Dr. Margo testified that in his opinion the respondent could not go back to work then; that he should go back to work for his own good as soon as he could; that he did not know just how long it would be before respondent would be able to return to work. He further testified that he found muscular spasms evidenced in the condition of respondent, and that he needed supports and had pain which could only be relieved by lying in a prone position. Dr. Price, a witness for the petitioner, said he had an ailment, and the petitioner not only knew of

200

his condition but sent him to a chiropractor first, and when he refused to accept the treatment of a chiropractor sent him a few days thereafter to Dr. Price who testified for the petitioner. The record clearly shows 'a case which justifies the award in every respect.

In specification of error No. 5 the argument is presented that the award is based upon incompetent evidence because the court considered evidence of a claim filed with relation to an 'accident of October 23, 1935. We find that respondent's counsel relied upon the accident of December 19, 1935, and so stated; and although petitioner had filed its notice alleging such accidental injury of December 19, 1935, when respondent announced he would rely upon the accidental injury of December 19, 1935, petitioner claimed surprise and asked for a continuance. We find competent evidence in the record of an accidental injury sustained December 19, 1935, and this contention is without merit.

Specification of error No. 6 is not argued.

The remaining specifications of error, Nos. 7 and 8, are: The award of the State Industrial Commission is unconstitutional and deprives the petitioner of its property without due process of law as made and provided in the Fourteenth Amendment of the Constitution of the United States and article 2 of the Bill of Rights (sec. 7) of the Constitution of the state of Oklahoma, for the reason that said award is arbitrary and disregards competent evidence introduced in this cause, and this deprives petitioner of property without due process of law.

In presenting these last two specifications of error, six paragraphs 'are set out in which the petitioner admits that he is merely recapitulating the arguments made in his specifications of error Nos. 1 to 6.

This court has declared the original act and the 'amendments thereof constitutional. Adams v. Iten Biscuit Co., 63 Okla. 52, 162 P. 938; Fox v. Dunning, 124 Okla. 228, 255 P. 582.

Having disposed of the matters in the above assignments of error Nos. 1 to 6, what we have said in the opinion above disposed of the remaining matters presented by specifications of error Nos. 7 and 8.

The award is affirmed.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.