**WEATHERBEE ELECTRIC COMPANY and United States Fidelity and Guaranty Company, Petitioners,**

v.

**Vallie P. DUKE, Administratrix of the Estate of Harvey William Duke (also known as Harvey W. Duke), and Vallie P. Duke, Individually, and State Industrial Commission of the State of Oklahoma, Respondents.**

No. 36926.

Supreme Court of Oklahoma.

Nov. 8, 1955.

Rehearing Denied Jan. 31, 1956.

Application for Leave to File Second Petition for Rehearing Denied March 6, 1956.

Fenton & Fenton, H. R. Palmer, Oklahoma City, for petitioner.

Erman S. Price, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On June 4, 1954, Harvey William Duke, while in the employ of Weatherbee Electric Company, sustained an accidental injury resulting in his death. The accident occurred when a pickup truck which he was driving on his way to work collided with a train at a railroad crossing on a highway east of Oklahoma City, in Oklahoma County.

Thereafter Vallie P. Duke, surviving widow of deceased, was duly appointed administratrix of his estate and on October 20, 1954, as such administratrix, and, in her own behalf, filed a claim against Weatherbee Electric Company and its insurance carrier, petitioners herein, for compensation

under the Death Benefit provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. She therein stated that she was the sole dependent heir of deceased and also alleged the above state of facts.

The trial commissioner, after finding that on June 4, 1954, Harvey William Duke, while in the employ of petitioner, Weatherbee Electric Company, sustained an accidental injury resulting in his death, further found:

"Said accidental injury occurred as follows: Harvey William Duke, now deceased, was on his way to work between 7:30 and 8:00 o'clock on the morning of June 4, 1954, when the pickup truck owned by him and being driven by him collided with a train at the Frisco railroad crossing east of Oklahoma City at Midwest Boulevard. Claimant was proceeding directly from his home to his place of employment, where he was due to arrive to begin work at 8:00 o'clock A. M. and to which job he had been assigned the afternoon before by respondent. He was transporting in his pick-up truck his own tools and at the direction of respondent, and in the furtherance of respondent's business was also transporting various tools and materials and supplies owned by respondent.

"Said Harvey William Duke left surviving him as his only dependent heir his widow, Vallie P. Duke, who is entitled to the full amount of the benefits herein awarded."

The Commissioner upon such finding entered an order awarding respondent Vallie P. Duke, compensation in the sum of $13,500 which was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review the award and contend that it is not supported by the evidence and is contrary to law.

The evidence on behalf of respondent in substance shows that on the day decedent sustained his accident he was in the employ of the petitioner Weatherbee Electric Company and that the company was engaged in furnishing and installing electrical supplies.

A few days prior to June 4, 1954, it entered into a contract with R. E. Mattison, Britton, Oklahoma, to supply and install electrical equipment in a building owned by him. On that day decedent, while driving a pickup truck on his way to work at Britton, sustained an accidental injury resulting in his death. The accident was caused by a collision between the pickup truck driven by him and a railroad train at a railroad crossing as above stated. At the time of the accident decedent was carrying with him in his truck certain tools owned by him which he was required to furnish and also some tools and miscellaneous supplies belonging to and furnished by petitioner Weatherbee Electric Company, such as might be needed and used on any job. There is evidence to the effect that decedent as well as other employees of said petitioner kept such tools and supplies in their conveyances and transported them from job to job and to and from work at the request and demand of said petitioner.

Decedent did not work at petitioner electric company's shop. He did not report to the shop for work. He always reported at the place he was required to work at the time. His working hours were from 8:00 A. M., to 4:30 P. M.

It is conceded that petitioner Weatherbee Electric Company entered into no agreement to transport decedent or furnish him transportation to and from his work.

There is some dispute as to the above facts. The foreman of petitioner Weatherbee Electric Company testified that while it was customary for decedent and other employees to carry with them such tools and supplies above mentioned as might be necessary for use on any job, they were not directed or required by the company to do so. He however admitted that on several different occasions he did request different employees to carry with them in their conveyances such miscellaneous supplies as might be needed on the job on which they were then working. He denied, however, that they were required to keep such supplies in their truck and carry them with them while traveling from job to job, and to and from work.

Petitioners rely on the rule that an injury suffered by an employee in going to and returning from his regular place of work does not arise out of and in the course of his employment so as to be compensable under Workmen's Compensation Law, in the absence of an agreement or contract to the contrary. Mead Bros. v. State Industrial Commission, 144 Okl. 279, 291 P. 571; Southern Surety Co. of New York v. Cline, 149 Okl. 27, 299 P. 139. However, we have heretofore held that street and highway accidents are covered by the Workmen's Compensation Law where the employment requires the employee in the performance of his work to be upon the streets and highways. Dolan Heating Co. v. Feverston, 181 Okl. 198, 73 P.2d 115; R. J. Allison, Inc., v. Boling, 192 Okl. 213, 134 P.2d 980; International Harvester Co. v. Harris, Okl., 272 P.2d 1046. In Indian Territory Illuminating Oil Co. v. Whitten, 150 Okl. 303, 1 P.2d 756, we held:

"An employee employed as a carpenter at a salary of $135 per month in the oil fields and moving from one job to another hauls employer's tools in his car, under the direction of his employer, and receives an accidental injury at a time when he is driving along the highway; held same is an accidental injury arising out of and in the course of his employment."

While there is some conflict in the evidence, we think the evidence offered in behalf of respondent as above set forth is sufficient to sustain the finding of the Commission that the accidental injury sustained by decedent arose out of and in the course of his employment. The order based thereon awarding compensation to respondent under Death Benefit Provisions of the Workmen's Compensation Law will therefore not be disturbed on review.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, JACKSON and HUNT, JJ., concur.

WELCH and DAVISON, JJ., concur in result.