HELMERICH AND PAYNE, Inc., and Continental Casualty Company, Petitioners,

v.

Anna GABBARD, Administratrix of the Estate of Jessie Franklin Gabbard, and the State Industrial Commission, Respondents.

No. 38020.

Supreme Court of Oklahoma.

Sept. 16, 1958.

Rehearing Denied Jan. 6, 1959.

Pierce, Mock & Duncan, Oklahoma City, for petitioners.

Dick Bell, Seminole, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

In this proceeding Helmerich and Payne, Inc., employer, and Continental Casualty Company, insurance carrier, hereinafter called petitioners, seek to review an award made by the State Industrial Commission to claimant, Anna Gabbard, widow of Jessie Franklin Gabbard. The award is for $13,500 under the Death Benefit Provisions of the Workmen's Compensation Act. 85 O.S.1951 § 1, et seq. The death of Jessie Franklin Gabbard, hereinafter called employee, was due to an accidental injury on February 10, 1956.

The record discloses that employee was one of five persons of a drilling crew riding in an automobile owned by employee and on the way to a location of a well owned by employer. The automobile was struck by a truck owned by a third party and employee was killed. Under an agreement with Reed, the driller, and four other employees, including employee, the driller and the employees alternated driving their cars as they described it every tenth day, each employee, including the driller, apparently driving two days in succession. They all lived at or near Chickasha. On the date of the injury employee was driving and had picked up all but one of the employees when struck on the highway near Chickasha. There was a water container, used for drinking water, in the automobile being driven by employee. The water container was emptied at the location each day by placing the water in an iced water cooler. It was moved from car to car as necessary in its transportation and was the source of supply of the drinking water for the drilling crew. It was never definitely determined who owned or furnished the water container but it was not claimed by the employer that it did not belong to it. There was no agreement by the employer to haul the employees or otherwise see that they reached their place of work or that they were returned from their work to their homes. On the above evidence the State Industrial Commission resolved the issues in favor of claimant and entered an award as above stated.

The petitioners raise the single issue that the State Industrial Commission erred as a matter of law in finding that the death resulting from an accidental injury arose out of and in the course of the employment. We are of the opinion and hold there is competent evidence reasonably tending to support the finding that the accidental injury resulting in the death arose out of and in the course of the employment. Indian Territory Illuminating Oil Co. v. Whitten, 150 Okl. 303, 1 P.2d 756, and Weatherbee Electric Co. v. Duke, Okl., 294 P.2d 298. In Weatherbee Electric Co. v. Duke, supra, the employee was in his regular course of travel to his place of work and was carrying material for the employer. An award was sustained.

In Novak v. McAlister, Okl., 301 P.2d 234, 235 it is stated:

"This court has recognized exceptions to this general rule, such as: (1) where transportation to and from work is furnished by the employer; and (2) where the employee, on his way to or from work, is still charged with some duty or task in connection with his employment. * * *"

In Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018, we said:

"The question of whether an injury arose out of and in the course of em-

ployment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

In Town of Granite v. Kidwell, Okl., 263 P.2d 184, 186, it is stated:

"* * * Any reasonable doubt as to whether the injury arose out of and in the course of the employment should be resolved in favor of the employee. Tingey v. Industrial Accident Commission, 22 Cal.2d 636, 140 P.2d 410."

As stated above in Weatherbee Electric Co. v. Duke, supra, the court found that the hauling of material for the employer was sufficient to sustain the finding that the accidental injury arose out of and in the course of the employment. We think the water container can be classified as material being hauled for the employer. It is the common practice for the employer to furnish drinking water under the circumstances of this case and had been done.

Petitioners rely principally upon Mead Bros., Inc. v. State Industrial Commission, 144 Okl. 279, 291 P. 571. This case was distinguished in Weatherbee Electric Co. v. Duke, supra, and R. J. Allison, Inc., v. Boling, 192 Okl. 213, 134 P.2d 980, and we think it likewise distinguishable from the case under consideration. In Janger Produce Co. v. Lee, Okl., 304 P.2d 285, relied on by petitioners, there was no specific task being performed by the employee and no agreement, implied or otherwise, to transport the employee to or from work. Claimant was driving her own private automobile on the way to work when injured; therefore, there was no evidence to support the finding that the accidental injury arose out of and in the course of the employment and the award was vacated.

There is competent evidence reasonably tending to support the finding that the accidental injury resulting in death arose out of and in the course of employment.

Award sustained.

CORN, V. C. J., and WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.

WELCH, C. J., and DAVISON, JOHNSON and JACKSON, JJ., dissent.