Juanita HUGHES, Petitioner,

v.

HACO DRILLING COMPANY, Traders and General Insurance Company and Oklahoma State Industrial Commission, Respondents.

No. 38278.

Supreme Court of Oklahoma.

March 31, 1959.

Rehearing Denied June 16, 1959.

Bailey & Whitlock, Norman, for petitioner.

Fisher & O'Toole, Mart Brown, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

Juanita Hughes, hereinafter called claimant, widow of Thomas Wendell Hughes, hereinafter called employee, brought this proceeding to review an order denying an award in a proceeding under the Death Benefit Provisions of the Workmen's Compensation Law. 85 O.S.1951 § 1 et seq. An award was first entered by the trial commissioner but on appeal to the Commission en banc the order was vacated and the order denying the award was entered. The order is in part as follows:

"That Thomas Wendell Hughes, deceased, did not sustain an accidental personal injury on September 3, 1957, arising out of and in the course of his employment with respondent herein, which resulted in his death on said date, as alleged on the Form 3-A filed herein."

The record discloses that on September 3, 1957, the employee was traveling on a highway east of Norman, Oklahoma, and on his way to a location for the purpose of proceeding with drilling an oil well for the employer. Employee was driving an automobile owned by him and he and two fellow employees of the drilling crew stopped at an ice dock in Norman, filled a five-gallon water can with ice and water, and were on the way to the location when approximately five miles from Norman employee was killed in an automobile collision. This water can was the property of the employer and the ice procured at the dock was paid for by the employer by the purchase of a coupon book. The coupon for each particular piece of ice was taken from the book by the owner of the dock or its employee at the time of each purchase.

■ The single issue presented by the claimant is that the State Industrial Commission erred as a matter of law in finding that the accidental injury did not arise out of and in the course of the employment. We have had occasion to consider a situation almost identical in legal significance in the recent case of Helmerich & Payne, Inc. v. Gabbard, Okl., 333 P.2d 964. In that case we held that an employee of a drilling crew, on the way to the location where the drilling crew was to perform its work, sustained an accidental injury arising out of and in the course of employment when he was injured while transporting a water container to the place of employment.

We think the case under consideration stronger than Helmerich & Payne, Inc. v. Gabbard, supra, because it was stipulated by respondents that the employer owned the water can and furnished and paid for the ice and the testimony was undisputed that the employer directed or requested this specific handling of the water can and ice and water for the drilling crew.

Respondents cite authorities holding that when an employee is merely on his way to work he is not covered because he has not yet entered upon the employment, also cases holding to the rule of distinguishing between the primary purpose and some incidental purpose of the trip by the employee.

Those authorities were cited in brief prior to our decision in Gabbard, supra. Without discussing what effect those authorities might have had as to the law in Oklahoma at that time, it is clear that at this time the law of this case is settled by the Gabbard case, supra, which we must follow.

We therefore hold that the State Industrial Commission erred in finding that the accidental injury did not arise out of and in the course of the employment.

■ There being no dispute as to the facts, whether the accidental injury arose out of and in the course of the employment is a question of law. Farmers Gin Co. v. Cooper, 147 Okl. 29, 294 P. 108; and Rush Construction Co. v. Woodward, 159 Okl. 72, 14 P.2d 409.

The order is hereby vacated and the cause remanded with directions to proceed consistent herewith.