**990**

H. J. JEFFRIES TRUCK LINES, INC., a corporation, and Transport Insurance Company, a corporation, Petitioners,

v.

Audra L. MINYEN, Administratrix, and State Industrial Court, Respondents.

No. 43519.

Supreme Court of Oklahoma.

May 12, 1970.

Rehearing Denied June 9, 1970.

Jay R. Bond, Rollin E. Drew, Ross, Holtzendorff & Bond, Oklahoma City, for petitioners.

Ben T. Lampkin, George J. McCaffrey, Lampkin & Wolfe, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

BLACKBIRD, Justice.

The parties will be referred to as they appeared before the State Industrial Court. The late E. C. Minyen will be referred to as "Deceased" or "Decedent".

Respondent owns and operates a motor freight line in Oklahoma and other States. It owns and maintains trailers used for hauling freight and particularly oil field equipment. Respondent leases motor tractors from various individuals, known as "lease operators", for use in pulling the trailers. The Deceased was one of these lease operators.

Each lease operator maintains his own tractor. He is required to keep it in good repair. He makes minor repairs himself or with the help of others. He pays his own repair bills and is not reimbursed by the respondent for any expense incurred in repairing his tractor. It is common practice among the "lease operators" to assist each other in making repairs on their tractors. The lease operator, furnishing assistance, is paid nothing for his work by the operator or the respondent. He is not required, by the respondent, to furnish assistance to another operator, although respondent encourages this practice.

Lease operators work no designated hours, or days, for the respondent, but can-

not drive more than ten consecutive hours. Upon completing a trip, they check in at the truck terminal and wait until the dispatcher furnishes them with another hauling assignment. They are paid for their services and the use of their tractor while it is being used hauling freight. Compensation for such use is calculated on a weight and mileage basis. The lease operator receives no pay from respondent for the period of time he is idle while awaiting a hauling assignment.

At the time of the matters involved here the respondent maintained a terminal at Morton, Illinois. Lease operators went to the terminal to report and wait for new hauling assignments. There was a yard where hauling units were parked. Respondent also maintained a recreation room in connection with the terminal where waiting drivers relaxed and played dominos while waiting to be dispatched on hauling assignments.

Deceased hauled a load of freight to Rapid City, South Dakota, and unloaded. He then drove the tractor and empty trailer to respondent's terminal at Morton, Illinois, arriving there on Saturday, April 6, 1968, and listing himself on the extra board for future hauling. That night, he sustained a fall in a bathtub at a motel there. He testified he did not strike his head in the fall, that he called his wife in Oklahoma City, and that they laughed about the fall.

The next morning (Sunday, April 7th) deceased returned to respondent's Morton terminal. It was closed and no trucks were being dispatched from it that day. At the recreation room there he met Benny Cunningham and Lynn Odom, two of respondent's other lease operators. Cunningham and Odom had driven their tractors to the terminal and were passing time waiting to be dispatched on hauling assignments. Cunningham was having difficulties with the electric light plug on the back of his tractor which interfered with lighting some of the lights on the trailer he was pulling. He asked the deceased to repair the faulty plug. While the repair work was in progress, the deceased fell from the back end of the tractor, skinning his leg. He testified that he struck his head in the fall. Cunningham and Odom both testified that the deceased did not strike his head in the fall.

Deceased testified that he received no pay for the work he did on Cunningham's tractor on April 7th, and did not expect to receive any as it was work the lease operators did on a volunteer basis in helping each other.

Deceased completed the repair work on the electric plug and slept in his tractor that Sunday night. He became ill. He was removed to the hospital in Peoria, Illinois, the next morning, April 8th. He had difficulty with his speech and was in a semiconscious condition. Deceased was released from the hospital in Peoria the next Thursday, April 11th. He was transported, in his own car driven by his wife, to Oklahoma City where he entered the hospital two days later on April 13th. During the next few months he was in the hospital on several occasions. His condition did not improve. Dr. R performed two surgical operations on his brain. The Deceased's death occurred August 20, 1968. Dr. R found the cause of his death was a malignant tumor and that there was no causal connection between the death and the alleged blow on his head which claimant contends deceased sustained in falling from the tractor on April 7, 1968.

The trial judge denied the claim holding:

"That the death of Emmett C. Minyen, on August 20, 1968, did not occur as a result of any accidental personal injury arising out of and in the course of his employment with H. J. Jeffries Truck Lines, Inc., on April 7, 1968 and said claim is denied."

The State Industrial Court sitting en banc vacated the order of the trial judge

after finding that Decedent's death arose out of and in the course of his employment and that claimant is entitled to death benefits.

The principal contention of the petitioners, respondents below, is that the order of the State Industrial Court sitting en banc holding that the claimant sustained an accidental injury resulting in his death during the course of his hazardous employment with the respondent is not sustained by sufficient competent evidence and is contrary to law. Claimant, on the other hand, argues that under principles set forth· and applied in the cases of Muskogee Transfer & Storage Co. v. Southern Surety Co., 170 Okl. 395, 40 P.2d 1044; Sapulpa Refining Co. v. State Industrial Commission, 91 Okl. 53, 215 P. 933, and Associated Employers' Reciprocal v. State Industrial Commission, 82 Okl. 229, 200 P. 174, there was competent evidence in this case reasonably tending to support the order of the Industrial Court sitting en banc. We do not agree. On the Sunday the Deceased was injured, the truck terminal was closed and no business of the respondent was being transacted. Deceased received no pay from respondent for helping Cunningham work on his tractor and was not directed by it to do so. In assisting with the repair of the electrical plug on Cunningham's tractor (as he was doing at the time he fell and injured himself) the Deceased cannot be said to have been discharging any duty, or obligation, under his tractor-lease arrangement with the respondent trucking corporation. While there was testimony to the effect that if it became necessary to have a trailer (owned by said corporation, and pulled by a lease operator with his tractor) repaired, and the operator paid the expense of the repairs, the respondent corporation would reimburse him, as hereinbefore shown there was no such arrangement in regard to the tractors (which were not the property of the respondent), and there was never any circumstance, arrangement, or direction, to which said respondent was a party, that obligated or required one lease operator to assist another lease operator in making repairs on the operator-owned tractors. Nor was there any evidence that respondent's trailer, to which the Cunningham tractor was attached, would have been out of service, or that said respondent's business, or interests, would have suffered, or been affected in any way, if the Deceased had not volunteered his services to Cunningham for fixing the electric plug on the Cunningham tractor. Thus, as there was no evidence that the Deceased, in working on the tractor's electrical plug, was performing any task necessary to be done for the respondent, or that there was any causal connection between the conditions under which the operation of his tractor was required to be performed, and his injury, or that, in assisting with the repair of the plug he was performing a task which he could justifiably have deemed necessary for the benefit or interest of the respondent Truck Lines Corporation, we find none of the principles, expressed in rather general and abstract terms, and referred to, in the above cited cases, applicable here. In this determination, we have assumed, without deciding, that if the Deceased had been engaged in any activity within the scope of his contract, or arrangement, with the Truck Lines Corporation, he would have been acting as said respondent's employee, rather than as an independent contractor.

In Jake's Casing Crews, Inc. v. Grant, Okl., 451 P.2d 700, 702, we said:

> "The burden was upon the claimant to establish by competent evidence that at the time of the accident he was on some mission for his employer or doing something for his employer in the course of his employment at the time the accident occurred. (Citing cases) * * *"

The facts involved here are strikingly similar to those in Cloer v. K & H Construction Company, Okl., 281 P.2d ᵈ21, wherein the claimant was employed by a construction company to perform cabinet work in

connection with the erection of a house. A fellow employee requested him to help move a stalled Lumber Company truck. The claimant injured his thumb in doing so. We sustained the order of the State Industrial Commission (now Court) holding "that the accidental injury did not arise out of and in the course of the employment of the claimant."

In Jarvis v. Hopkins, Okl., 434 P.2d 208, the claimant contended that the activity, in which her decedent was engaged at the time of his fatal injury, would benefit the respondent Stone and Sand Company and was reasonably incident to the employment. There, where the arrangement between the deceased, a trucker, and said respondent Company was somewhat similar to that between the deceased and the respondent here, we rejected that contention. We have reached a similar decision as to the claim involved here, and must vacate the order herein reviewed for failure of the evidence to support it, in accord with the rule followed in Jake's Casing Crews, Inc. v. Grant, supra, Hill v. Culligan Soft Water Service Co., Okl., 410 P.2d 38, and many other cases.

Petitioners also contend that the evidence fails to establish a causal connection between the subject accident and the death of the Deceased, but, as we have found that the evidence in this case fails to discharge the claimant's burden of proving that the Deceased's injury was incurred in the course of his employment, it is unnecessary to express an opinion as to that contention.

In accord with the foregoing, the order of the State Industrial Court en banc is vacated with directions to said Court to reinstate and affirm the order of the trial judge denying the claim of the claimant.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, JACKSON, LAVENDER and McINERNEY, JJ, concur.