Paul W. LEE, Petitioner,

v.

D.P. BONHAM TRANSFER, Excalibur Insurance, and Workers' Compensation Court, Respondents.

No. 61791.

Court of Appeals of Oklahoma, Division No. 4.

Sept. 4, 1984.

Rehearing Denied Nov. 29, 1984.

Certiorari Denied March 5, 1985.

Released for Publication by Order of the Court of Appeals March 11, 1985.

Patrick E. Carr, Carr & Carr, Tulsa, for petitioner.

Sam Roberts, Church & Roberts, Tulsa, for respondents.

DeMIER, Presiding Judge.

In its order of January 31, 1984, the Workers' Compensation Court en banc ruled that Paul W. Lee (Worker) did not sustain an injury arising out of and in the

course of his employment for D.P. Bonham Transfer, Inc. (Employer). The en banc order reversed trial court's ruling, which had found Worker's injury did satisfy 85 O.S.1981 § 11. Based on our review of the evidence and applicable law, we find court en banc's order unsupported by competent evidence and facially defective. We reverse.

## FACTS

Employer is an interstate common carrier engaged in the oil field hauling business. Its headquarters are in Bartlesville, Oklahoma.

Twenty-year-old Worker was employed as a "hot shot driver" for Employer since June, 1981. His duty was to deliver and pick up oil field equipment small enough to be hauled in a pickup truck alone or with a small trailer attached to the pickup. Hot shot drivers must carry bills of lading and return paperwork along with Employer's truck to Bartlesville after a delivery is made. They must travel the highways of Oklahoma and are responsible for the care and maintenance of the company vehicle.

On the afternoon of August 24, 1982, Nate Bonham, Jr., the dispatcher as well as the president of Employer, instructed Worker to go to the TRW, Inc. plant in Bartlesville to pick up a shipment there and transport it to the Tulsa International Airport. This was a typical job request. Before Worker left, he told Bonham that his personal vehicle, which he had driven to work that morning and parked in Employer's lot, was broken. He asked permission to leave his personal vehicle on the lot overnight and drive the company truck to his home after his trip to Tulsa. Bonham gave his permission.

Worker made his delivery to the Tulsa airport and drove home to spend the night. His Nowata, Oklahoma, residence was about twenty-four miles east and six miles south of Bartlesville.

Around 7:30 a.m. the next morning, August 25, 1982, Worker left his home in Employer's truck, traveling west toward Bartlesville on a wet, black top county road. At a point two and a half miles west and four miles south of Nowata, Worker had a one car accident, suffering brain and other injuries as a result.

The parties stipulated Worker was driving Employer's truck at the time of the accident, which contained a pump protector to be delivered to one of Employer's customers in Bartlesville, paperwork relating to the previous evening's airport delivery, and various tools belonging to Employer.

Apparently Worker was unable to testify because of his severe brain injury, but the court heard his parents' testimony. His father, who was also his legal guardian, testified Worker told him he was going to work when he left his home about 7:30 a.m. on August 25th and spoke of no other destination. Worker's father indicated his familiarity with the trip from Nowata to Bartlesville and stated that Worker's accident occurred on a county road which they both habitually used when making the trip from Nowata to Bartlesville because it was the shortest route. Worker's mother testified Worker checked the oil on Bonham's truck the morning of the accident, picked up jars of homemade jelly to take to the Bonhams, and said he was "off to work."

Nate Bonham, Jr. testified he gave Worker permission to use the company truck to travel home. He testified hot shot drivers are expected to travel the shortest distance between two points on a run. Bonham further testified hot shot drivers are required to return the bills of lading and the truck to the company after a delivery. He admitted he expected the pickup and related paperwork to be returned to his office in Bartlesville.

Bonham testified Worker was not on call or required to be available twenty-four hours a day, but if Employer could contact him, he could be dispatched at any hour. Hot shot drivers have no regular hours and a certain delivery might require them driving outside the hours of 8:00 to 5:00, as long as it could be done in a safe manner.

## LAW

### I

The first issue before us is whether the record contains competent evidence to sup-

port court en banc's finding that Worker's injury did not arise out of and in the course of his employment as required by 85 O.S. 1981 § 11. We find no such evidence and reverse.

An injury "arises out of" employment when there is a causal relationship between the act engaged in at the time injury occurs and the requirements of employment, while an injury sustained "in the course of" employment relates the time, place or circumstances of the accident to job duties. *Fudge v. University of Oklahoma,* 673 P.2d 149 (Okla.1983).

■ The record before us contains no competent evidence to support a finding other than that at the time, place and circumstances of his accident, Worker was involved in fulfilling his employer's business requirements. Because Worker's vehicle was broken, Employer gratuitously loaned him the truck so Worker could travel home to spend the night. Worker finished his delivery to the airport late that evening around 7:30 p.m. Employer did not require him to return to Bartlesville that same evening with the paperwork and equipment and make his own arrangements as to his broken truck and a ride home. Instead, Employer offered Worker the company truck with the reasonable expectation that Worker would complete his mission the next morning. *See Tom Dolan Heating Co. v. Feverston,* 181 Okla. 198, 73 P.2d 115 (1937).

■ Worker's parents' testimony, along with the time, place, and circumstances surrounding the accident, raises the presumption that Worker left home the morning of the accident, carrying Employer's equipment and paperwork, with the intention of going to work and headed in the direction of Bartlesville. Employer's speculation as to the many possible alternate destinations of Worker that unfortunate morning does not rise to the level of evidence competent to combat the circumstantial and testimonial evidence. We must resolve any reasonable doubt as to whether an injury did in fact arise out of the employment in favor of the worker. *Graham-Michaelis Drill-*

*ing Co. v. Atkins,* 397 P.2d 658 (Okla.1964). Accordingly, we reverse court en banc's order as not supported by competent evidence.

## II

■ The second ground for reversal of the en banc order is that the order is facially defective. The order states:

On JANUARY 27, 1984, this cause came on for hearing before the undersigned Judges, sitting as a panel, on appeal from the order of the Trial Judge heretofore entered on OCTOBER 27, 1983.

After reviewing the record in this case, and being fully informed in the premises, said Judges order that the order of the Trial Judge heretofore entered in this case on OCTOBER 27, 1983, be and the same is hereby VACATED AND THE FOLLOWING ENTERED IN LIEU THEREOF:

–1–

THAT claimant did not sustain an accidental personal injury arising out of or in the course of claimant's employment with the above named respondent, as alleged in the claim for compensation filed herein.

–2–

THAT it is therefore ordered that claimant's claim for compensation be and the same hereby is denied.

The order does not contain the "critical, statutorily-mandated panel determination that the trial judge's finding ... was 'against the clear weight of the evidence,' " and as such must be considered as unauthorized by law. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

## CONCLUSION

■ Our review of the en banc order, which reversed trial court's findings, must be limited to a search for competent evidence to support it. If no such evidence is

found, the en banc decision must be reversed. *See Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984), and *Graves v. Safeway Stores, Inc.,* 653 P.2d 1236 (Okla.1982).

We find the en banc order, finding Worker did not sustain an accidental injury arising out of and in the course of his employment, is not supported by competent evidence and is, in addition, facially defective.

REVERSED.

BRIGHTMIRE and STUBBLEFIELD, JJ., concur.