L.G. LITTLER, Petitioner,

v.

WOODWARD COUNTY, Own Risk, and the Workers' Compensation Court, Respondents.

No. 75,905.

Court of Appeals of Oklahoma, Division No. 3.

April 23, 1991.

Rehearing Denied June 11, 1991.

Certiorari Denied Sept. 11, 1991.

Duke Halley, Woodward, for petitioner.

Greg James, Oklahoma City, for respondents.

HUNTER, Chief Judge:

Petitioner seeks review of an order of a three judge panel of the Workers' Compensation Court vacating an order of the trial judge on a finding that the order of the Trial Court was "contrary to law".

The trial judge determined that Petitioner had suffered total permanent economic disability as a result of injuries incurred in the course and scope of his employment with Respondent. On appeal, the three judge panel found that parts of the order were contrary to law and modified the award to 60 per cent permanent partial disability to the right leg and affirmed as modified. The three judge panel did not find the trial judge's order against the clear weight of the evidence.

The three judge panel may reverse or modify the decision [of the Trial Court] only if it determines that such decision was against the clear weight of the evidence or contrary to law. 85 O.S.1986 Supp. § 3.6(A). "The ... three-judge panel ... is not free to reverse at will a trial judge's finding. No fact issue is presently subject to intra-court re-examination unless the panel has first determined that a judge's finding upon it '... was against the clear weight of the evidence or contrary to law.'" *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 551, (Okl.1984); see also, *Lee v. D.P. Bonham Transfer,* 695 P.2d 887, 889 (Okl.App.1984). The question of whether a claimant is totally and permanently economically disabled is a question of fact, the trial judge's determination on which is binding on the appellate courts if supported by any competent evidence.

We find the trial judge's award *was unaffected by error of law,* and there is evidence in the record which would support a finding that Petitioner is totally and permanently economically disabled. Thus, it appears that the three judge panel's decision could only be based on the "clear weight of the evidence" standard. In that regard, the three judge panel order is, in fact, "devoid of the critical, statutorily-mandated panel determination that the trial judge's finding was 'against the clear weight of the evidence.'" *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 552.

Accordingly, the decision of the three judge panel of the Workers' Compensation Court is VACATED, and this cause REMANDED for further proceedings consistent with this opinion.

GARRETT, P.J., and HANSEN, J., concur.