**Vernon WEBBER, Petitioner,**

**v.**

**BRITTON AUTO CENTER and the Workers' Compensation Court, Respondents.**

**No. 75872.**

Court of Appeals of Oklahoma, Division 3.

Aug. 11, 1992.

Rehearing Denied Oct. 20, 1992.

Certiorari Denied Jan. 21, 1993.

Don L. Wyatt, Karen J. Leonard, Ada, for petitioner.

William O. West, Edmond, for respondents.

## MEMORANDUM OPINION

HUNTER, Judge:

Vernon Webber (Claimant) filed a workers' compensation claim alleging he was injured in a job-related accident either on October 26, or October 27, 1990. Upon hearing, the trial court found Claimant sustained a compensable injury to his back, neck, left leg, left shoulder and chest, resulting in temporary total disability. A determination as to permanent partial disability, if any, was reserved for future hearing. Britton Auto Center (Employer) appealed to a three-judge panel of the Workers' Compensation Court, alleging the evidence did not support a finding that Claimant sustained an accidental personal injury while on the job. The three-judge panel vacated the trial court's order and found it contrary to law in that Claimant did not sustain an accidental personal injury arising out of and in the course of his employment. Claimant now seeks review before this Court and alleges the decision of the three-judge panel is not supported by competent evidence and that it erred in altering the trial court's order without a determination that the trial court's finding of job-related injury was against the clear weight of the evidence.

While a three-judge panel of the workers' compensation court is governed in its re-examination of the trial court's factual findings, by the clear-weight-of-the-evidence standard, the Supreme Court or the Court of Appeals, in reviewing the panel-altered factual determinations, must apply the any-competent-evidence test. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). All findings of fact made by the trial court in a workers' compensation case are conclusive and binding unless they have been ascertained to lack support in competent evidence and it is only in the absence of such evidentiary support that a trial tribunal's decision may be viewed as erroneous as a matter of law and thus subject to appellate vacation. *Parks v. Norman Municipal Hospital, supra.* Pursuant to 85 O.S.Supp.1986 § 3.6(A), the three-judge panel is not free to reverse a trial court's finding regarding an issue of fact unless the panel has first determined that it is against the clear weight of the evidence or contrary to law. *See Lee v. D.P. Bonham Transfer,* 695 P.2d 887, 889 (Okl.App.1984).

The question of whether an injury arises out of and in the course of employment is not a jurisdictional conclusion of law for independent determination on review, but is a question of fact for the trial court, adjudication of which is binding on review if supported by competent evidence. *Pearl v. Associated Milk Producers, Inc.,* 581 P.2d 894 (Okl.1978). Despite the fact the three-judge panel in this case vacated the trial court's order because it found that Claimant did not suffer a job-related injury, it determined only that the trial court's order was "contrary to law", and failed to recite the "critical, statutorily-mandated panel determination that the trial judge's finding was 'against the clear weight of the evidence.'" *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 552; *Littler v. Woodward County,* 815 P.2d 1209 (Okl. App.1991). Accordingly, the defective order of the three-judge panel is vacated and this matter is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.

BAILEY, P.J., and HANSEN, V.C.J., concur.