**In the Matter of the DEATH OF Leon L. LONG, Deceased.**

**PEABODY COAL COMPANY, and Old Republic Companies, Petitioners,**

v.

**Patricia LONG, and the Workers' Compensation Court, Respondents.**

**No. 80103.**

Court of Appeals of Oklahoma, Division No. 1.

April 13, 1993.

---

Chad R. Whitten, Whitten, Layman and MacKenzie, Tulsa, for petitioners.

Richard A. Bell, Norman, for respondents.

### MEMORANDUM OPINION

GARRETT, Judge:

Respondent Patricia Long (Claimant) filed a Form 3–A, Claimant's First Notice of Death Claim for Compensation, in the Workers' Compensation Court, on behalf of her husband, Leon L. Long, Deceased (Employee). She alleged that he sustained an accident on July 31, 1986, to his lungs and upper respiratory system. The nature of his injury was shown as loss of breathing capacity due to continuous exposure to coal dust, diesel fumes, dust and dirt for 13½ years. His date of death was shown as "12/29/86". Claimant filed an amended Form 3–A, correcting the date of death to "12/29/90".

On April 6, 1992, the trial court entered an order, awarding death benefits to Claimant. The court found that on July 31, 1986, Employee sustained an accidental personal injury arising out of and in the course of his employment with Employer, resulting in his death on December 29, 1986 (paragraph 1). The court awarded Claimant, as surviving spouse, death benefits in a lump sum of $10,000.00 (paragraph 4), accrued benefits from the date of death for 274 weeks in the amount of $44,568.84 (paragraph 5), and continuing benefits in the amount of $162.66 per week (paragraph 5).

Employer appealed to the Court *En Banc*. A Three Judge Panel entered an order on July 27, 1992, vacating paragraph 1 of the trial court's order and entering a new paragraph 1, correcting the date of death to December 29, 1990. The next paragraph of the panel's order is as follows:

> The Judges further finds (sic) the error in paragraph 1 was an obvious scrivener's (sic) error. The panel considers this a frivolous appeal and sanctions should have been imposed.

The panel ordered Employer or insurance carrier to pay penalty and interest on the accrued portion of the award at 18% per year from the date of the award. Employer was also ordered to pay attorney fees to Claimant's attorney in the amount of $1,000.00.

On August 3, 1992, the Three Judge Panel entered another order with the title: "Order to Vacate Order on Appeal". The order recited that its order of July 27, 1992 "should be and the same is hereby vacated, set aside and held for naught for the reason that SAID ORDER ON APPEAL WAS FACIALLY DEFECTIVE; a new Order on Appeal will be issued forthwith."

On the same day, August 3, 1992, the Three Judge Panel entered a new order, vacating paragraphs 1, 5 and 9, and substi-

tuting in lieu thereof new paragraphs of the same numbers. The corrections made were: the date of death was corrected to December 29, 1990 (paragraph 1); the amount of accrued benefits was corrected to $13,338.12 for 82 weeks (paragraph 5); and a correction was made to the provision in the order relating to the Special Occupational Health and Safety Fund Tax (paragraph 9). The order retained the paragraphs added by the panel relating to its finding of a frivolous appeal and the sanctions given therefor.

It is not necessary for us to reach the issue of whether the Court *En Banc* may assess attorney fees against the successful party in an appeal before that court. The order on appeal, which modifies the trial court's order, is defective as it fails to contain the statutorily mandated finding that the trial court's order is "against the clear weight of the evidence or contrary to law." See 85 O.S.1991 § 3.6(A); *Webber v. Britton Auto Center*, 844 P.2d 882 (Okl. App.1992) (Cert. denied 1993). Apparently, the Panel was of the opinion that it was unnecessary to make the required finding because it considered the appeal frivolous due to an obvious scrivener's error. However, because the incorrect date of death, December 29, 1986,[1] also corresponded to the number of weeks noted as already having accrued for death benefits, the mistake was not an obvious scrivener's error, and this appeal was not frivolous. The record before us contains no transcript of the hearing before the trial court.

The defective order of the Three Judge Panel is vacated. This matter is remanded to the Court *En Banc* for further proceedings consistent with this opinion.

VACATED AND REMANDED.

ADAMS, P.J., and JONES, J., concur.

---

**1.** We also note the incorrect date of death, December 29, 1986, was first recited by Claimant in her first Form 3–A.