Before State Industrial Board, Respondent.

Margaret C. Mills, Respondent, *v.* Fulton County Gas and Electric Company, Appellant.

Third Department, March 4, 1925.

Workmen's compensation — claim for death of employee of electric corporation — intestate was not on duty at time of accident — intestate attempted to fix electric wire which had come in contact with tree — intestate's duty was to report to foreman — accident did not arise out of and in course of employment or it arose while intestate was violating rule of employer.

The injury which claimant's intestate suffered, resulting in his death, did not arise out of and in the course of his employment, since it appears that he was

employed as a lineman by his employer, an electric corporation; that he was a subordinate employee working under a foreman; that he was not on duty on the day of the accident, that day being Sunday; that early in the evening he was informed that an electric wire which carried high voltage, owned by his employer, had come in contact with a tree located near intestate's residence; that he tried to telephone the general line foreman but was unable to reach him and the daughter of the general line foreman told intestate to report to intestate's gang foreman who lived nearby; that it was the duty of the employee under the rules of his employer not to attempt to repair a line without instructions but in case of emergency to report the matter to his superior; that the trouble with the line did not require instant attention and could have waited remedying until the foreman reached the scene; and that intestate instead of reporting to his gang foreman attempted to remedy the trouble and in doing so was killed.

If the claimant's intestate knew of the rule of his employer which required him to report trouble of the character mentioned and, notwithstanding that rule attempted to remedy the trouble without instructions, he was acting contrary to the rules of his employer.

Appeal by the defendant, Fulton County Gas and Electric Company, from an award of the State Industrial Board, made on the 18th day of December, 1923, to respondent Margaret C. Mills, as dependent widow of Albert Mills, deceased.

*Fred. Linus Carroll,* for the appellant.

*Albert Ottinger, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Hinman, J.:

The question raised is whether or not the deceased employee was in the course of his employment when he received an injury causing his immediate death. He was seventeen years of age and for about two months had been employed as a lineman for a corporation engaged in the manufacture and distribution of gas and electricity. He was a subordinate employee, working under a foreman. His regular working days did not include Sundays and his gang was not working on Sunday, May 13, 1923. He was at his home in Gloversville about eight-thirty P. M. on that day when he was informed that an electric wire which carried a high voltage, owned by his company, had come in contact with a tree located on the street on which he lived and about 150 feet from his home. Upon investigating it he observed sparks coming from the contact of the wire with the tree and he saw that some people, including children, were witnessing the same. He stated that he would have to report the matter to the " boss." He went to the telephone and apparently called the home of the general line foreman, who was the superior of his own gang foreman. The general foreman was not at home. His daughter answered the

telephone.   She was not employed by the company.   The deceased reported the situation to her.   She asked him whether he knew that Perqua, his gang foreman, lived near him.   He said: " Yes." She said: " You better get him."   He said: " I haven't any tools and if I can't handle it I will call Perqua."   She replied: " You better call Perqua."   He did not do so but took a pair of pliers and climbed the pole on which the wire was attached for the purpose of cutting the wire.   While cutting the wire or a few seconds after doing so, he received a charge of electricity which caused his instant death.   Before climbing the pole he stated to a bystander that he had orders to fix it if he could, and if not, to get an assistant. This hearsay testimony is not corroborated.   The Board has found that the general foreman's daughter, with whom he talked, had no authority to give instructions and her undisputed testimony is that she advised him to " call Perqua."   The Board has found that his duties subjected him " to emergency calls which demanded service from him at any time during the day or night."   The testimony is, however, that the men were subject to such emergency service when called to duty by a foreman or other superior.   The rule was that in the event of an emergency, coming to the attention of a lineman, such employee should not repair the line without instructions but should report the matter to his superior, and stay there and watch it until help came.   There was no direct proof that this rule had been brought to the personal attention of the deceased, but it is inferable that he was aware of it in view of his statement, " I will have to report it to the boss " and his effort to reach the general foreman on the telephone.   We may assume that the deceased had a moral duty to act and according to the rules of his company, he had express authority to act.   It is the nature of his act that is questioned.   We think that, under the facts of this case, his conduct placed him outside the scope of his employment.   He did work for which he was not employed.   No proven rule authorized his act.   The observance of the rule proven would, in the circumstances, have fully met any moral duty resting upon principles of humanity, requiring him to act for his employer to safeguard the children and others in the vicinity.   It was not a case of an attempt to rescue another from a sudden peril threatening his life, such as would reasonably justify the conclusion that the observance of the rule meant the unnecessary sacrifice of that life.   In such a case the contract of employment might be deemed to include within its scope the " moral duty resting on principles of humanity " to proceed instantly to the rescue at any personal risk in the attempt to save life.   (*Matter of Waters* v. *Taylor Co.*, 218 N. Y. 248.)   In the instant case, however, the

rule of the company limiting the scope of the deceased's employment seems to have had reasonable application. Even without any rule to that effect his plain duty to his employer would not have called upon him to do more than the rule prescribed. The deceased was not on duty at the time and, therefore, was not in the course of his employment. He knew that his foreman lived in the neighborhood. He had plenty of time to send for him. That was better calculated to safeguard human life than the course adopted by the deceased. He needed only to guard the children and others by preventing their approach to the zone of danger while waiting for help or instructions. No such pressing emergency existed as called for the immediate action which he undertook unaided and without instructions. We must hold either that he was not brought within the scope of his employment by his voluntary act in ignorance of the rule of the company, or that if he knew of the company's rule he violated it by undertaking to do something for which he was not employed.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.