■   In the Matter of the Claim of WALTER WASHINGTON, Respondent, v. NEW YORK CITY HOUSING AUTHORITY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J.   Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which awarded compensation to claimant, a housing authority patrolman employed by the New York City Housing Authority, for disability due to injuries sustained in the course of his pursuit and apprehension of a thief. The incident began after claimant had finished his day's work at the Authority's premises, had returned to his home, and, from the window, saw two men stealing tires from a parked automobile. He pursued the men and captured one of them, sustaining an injury to his heel in the process. Appellants assert that claimant's disability was not caused by accident arising out of and in the course of the employment and, in particular, that claimant was "not a police officer on a 24-hour basis within the meaning of the Code of Criminal Procedure." The definition of "peace officer" includes "a member of the uniformed force of

the New York city housing authority" (Code Crim. Pro., § 154). Under section 154-a of the Code, such a peace officer, being a "member of a duly organized police force or department of [an] * * * authority", is to be known as a "police officer", for the purposes of sections 177 and 180-a of the Code, those sections relating, respectively, to the right of a police officer to arrest without a warrant and to his right to stop and frisk. As a police officer it was not merely claimant's *right* to arrest the miscreant but his *duty* to do so. (*Schultz v. Greenwood Cemetery,* 190 N. Y. 276, 281; and see former Penal Law, §§ 1841, 1857, then in effect.) This duty arose solely by reason of appellant employer's employment of claimant as its patrolman. Having chosen, for its own purposes and advantage, to employ a patrolman, who thereby became a peace officer and a police officer, whose duty was to arrest whenever and wherever a crime was committed in his presence, the employer necessarily accepted liability under the Workmen's Compensation Law for his acts in pursuance of the duty which the statute imposed upon him solely by virtue of his employment. In this case, in fact, the employer assigned another housing patrolman to take over from its injured employee and proceed with his prisoner's arraignment. We read the provisions of subdivision 5 of section 402 of the Public Housing Law with respect to the duties of the housing police force "in and about housing facilities" as descriptive of those police officers' specific duties and not as limiting or restricting the general rights, duties and responsibilities, unrestricted as to time or place, so clearly imposed upon *all* police officers by statute and decisional law. " [A]n off-duty policeman is not relieved of his obligation to preserve the peace or protect the lives and property of citizens. The acceptance of this duty has been demonstrated on numerous occasions when such officers have risked and sacrificed their lives to frustrate the commission of crime or to bring the perpetrator of crime to justice." (*People* v. *Peters,* 18 N Y 2d 238, 243, affd. 392 U. S. 40.) The *Peters* case involved a New York City policeman whose acts under the stop and frisk law were approved as against defendant's claim of unreasonable search and seizure (U. S. Const., 4th Amdt.), although those acts were performed not only when he was off duty but while he was out of. the City of New York and in the apartment house in which he resided in the City of Yonkers. The police officer in this case, employed at a housing project in the Bronx and making an arrest near his home in the same borough, seems to us in no different situation from that of the off-duty New York City policeman stopping and searching a suspect in Yonkers. Thus, *Peters* (*supra*) seems to us not only to afford affirmative support of the award in the case before us but to dispose of appellants' contention that the arrest by claimant was merely a citizen's arrest; for if the officer in the *Peters* case had been effecting a citizen's arrest, there would have been no Fourth Amendment problem to litigate. (*People* v. *Horman,* 29 A D 2d 569, and authorities there cited.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J., Reynolds, J., dissents and votes to reverse in the following memorandum. Reynolds, J. (dissenting). The difficulty with the decision of the Workmen's Compensation Board approved by the majority, is that the facts and the law do not warrant the legal conclusion that the accident arose out of and in the course of employment. Claimant was not performing any duty he had been hired to perform. He certainly was not hired by the Housing Authority to actively participate in crime prevention throughout the City of New York. There was no intention on the part of the Housing Authority or of the claimant that he would be discharging any duty or conferring any benefit upon his employer by the incident herein (*Matter of*

*Heitz* v. *Ruppert,* 218 N. Y. 148; *Matter of Kowalek* v. *New York Cons. R. R. Co.,* 229 N. Y. 489; *Pierson* v. *Interborough R. T. Co.,* 226 N. Y. 689). *People* v. *Peters* (18 N Y 2d 238, affd. 392 U. S. 40) has little relation to the problem presented herein. While claimant as a patrolman for the New York City Housing Authority could properly make the instant arrest (see Code Crim. Pro., §§ 154, 154-a), there is no evidence that he did so as part of his duties as such a patrolman. If he had no duty to undertake the arrest involved, he did so only as a public-spirited citizen and not as an employee and is not, therefore, entitled to compensation (*Mills* v. *Fulton County Gas & Elec Co.,* 212 App. Div. 99). The instant record not only contains no evidence that he was on 24-hour duty (see e.g., *People* v. *Peters,* 44 Misc 2d 470), but section 402 of the Public Housing Law would seem to limit his enforcement powers and duties to areas "in and about housing facilities", an area well removed from the location of the instant arrest. Moreover, the award cannot be sustained under the cases relating to emergency or rescue situations because the incident did not occur during the hours of employment (see, e.g., *Matter of Babington* v. *Yellow Taxi Corp.,* 250 N. Y. 14; *Matter of Waters* v. *Taylor Co.,* 218 N. Y. 248). Accordingly, in my view the decision must be reversed and the claim dismissed.