■    In the Matter of WILLIAM LEATHERSICH, as President of the LIVINGSTON COUNTY FEDERATION OF SPORTSMEN'S CLUBS, Appellant, v. NEW YORK STATE WATER RESOURCES COMMISSION, Respondent, and PARKVIL, INC., Intervenor-Respondent.— MEMORANDUM BY THE COURT.   Appeal by the petitioner from a judgment of the Supreme Court at Special Term, entered in Albany County on October 11, 1968, which dismissed on the merits petitioner's application for review of a determination of the respondent commission.   (Opinion: 57 Misc 2d 856.)   The judgment should be affirmed. *Assuming* that there were some errors in the receipt of evidence and that one expert witness should have been disqualified, the record nevertheless contains substantial evidence to support the determination which was not arbitrary or capricious.   Judgment affirmed, without costs.   Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court.

■    In the Matter of the Claim of SIDNEY S. QUINLAN, Respondent, v. CITY OF NEW YORK, Appellant.   WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J.   Appeal by the employer from a decision of the Workmen's Compensation Board, filed August 15, 1968.   Compensation was awarded to claimant, a correction officer in the Correction Department of the City of New York, for disability due to injury sustained while off duty in attempting to pursue two thieves he observed robbing a cash register.   Appellant asserts that claimant's disability was not caused by an accident arising out of and in the course of his employment.   The board found that claimant was "a peace officer and as such, required to maintain and keep the peace at all times and hence that claimant was acting in the course and scope of his employment of record".   That claimant was a peace officer was conceded by appellant. As a peace officer, respondent had the authority to make an arrest without a warrant for a crime committed in his presence (Code Crim. Pro., § 177). While general prevention of crime is not a usual duty of a correction officer, nevertheless, as a "peace officer", he is not an ordinary citizen and assumes the duty to prevent crime and apprehend criminals.   Having such authority, it was his duty to attempt to make an arrest (*Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276) and appellant must, therefore, assume liability for injury sustained as a result of respondent's attempts to carry out that duty (cf. *Matter of Washington* v. *New York City Housing Auth.,* 31 A D 2d 700, affd. 24 N Y 2d 912).   Decision affirmed, with costs to the Workmen's Compensation Board.   Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.