Hon. Thomas A. Robinson Corporation Counsel, Plattsburgh
You have asked whether the City of Plattsburgh would be responsible, under section 207-c of the General Municipal Law, for the payment of salary or medical expenses to a police officer who is injured while off duty and working for a private employer. You have indicated that a concessionaire who leases city property is contemplating hiring off-duty city police officers as security guards.
Section 207-c of the General Municipal Law provides in pertinent part:
 "Any * * * member of a police force of any * * * city of less than one million population * * * who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury or illness."
Section 207-c applies only to a police officer who is injured or taken sick in the performance of his duties. Working as a security guard for a private employer is not "performing the duties" of a police officer. Therefore, section 207-c would not apply to a police officer who is injured or taken sick when he is off duty and working for a private employer as a security guard.
You have also asked whether the fact that a police officer has both the authority and the duty to arrest a person for a crime regardless of whether he is on or off duty alters the applicability of section 207-c.
A police officer who is off duty is not relieved of his obligation to preserve the peace or protect lives and property. People v Peters,18 N.Y.2d 238, 243 (1969); Washington v New York City Housing Authority,31 A.D.2d 700, 701 (3d Dept, 1968), affd 24 N.Y.2d 912 (1969); Burns vCity of New York, 6 A.D.2d 30 (1st Dept, 1958). An off-duty police officer has the same powers as an on-duty police officer in making arrests without a warrant pursuant to the Criminal Procedure Law, §140.10 (1978 Op Atty Gen 100). McQuillin on Municipal Corporations states:
 "A police officer when off-duty is still an officer and a policeman, having the authority, if not the duty, to exercise functions pertaining to his office in appropriate circumstances, without regard to departmental rules relating to hours." (18 Municipal Corporations, § 53.80-b, p 340.)
Moreover, you have advised us that when a police officer accepts employment for the City of Plattsburgh, he takes an oath that he will assume the duties of his office 24 hours a day.
Where an off-duty police officer is injured while making an arrest, he is entitled to workers' compensation. This is based on the principle that an off-duty arrest is still within the course and scope of a police officer's employment. (See, Quinlan v City of New York, 33 A.D.2d 714 [3d Dept, 1969]; see also, Workers' Compensation Law, § 30.) However, inQuinlan, the off-duty officer was not working for a private employer at the time he was injured. If he had been working for a private employer and was injured in the course of employment, he would have been entitled to workers' compensation for lost wages and medical expenses through that employment (Workers' Compensation Law, §§ 10, 13, 13-g, 15).
We are of the opinion that section 207-c does not apply where an off-duty police officer is injured making an arrest while he is working as a security guard for a private employer. Although the police officer has an independent duty as a police officer to make the arrest, the special benefits of section 207-c are not applicable. Since the police officer is protecting only the interests of the private employer during the hours that he is employed as a security guard, the municipality is not required to pay him the difference between his salary and the workers' compensation benefits he received through his private employment if he is injured while working as a security guard.* The fact that the job of security guard encompasses the apprehension and arrest of individuals who are attempting to commit a crime against the private employer's interests does not mean that a police officer is "performing his duties" within the meaning of section 207-c.**
Our conclusion that section 207-c does not apply where an off-duty police officer is injured while working for a private employer is buttressed by the fact that a municipality may not prohibit police officers from outside employment. Section 208-d of the General Municipal Law provides:
 "Notwithstanding the provisions of any general, special or local law or any rule or regulation of any police department or commissioner or head thereof, any member of a police force of a city may engage in extra work for another employer outside his regular hours of duty not exceeding twenty hours a week provided that such extra work does not interfere or conflict with his regular duties as a member of the force or his availability for emergency duty nor affect his physical condition to the extent that it impairs his ability to efficiently perform such duties and further provided that the type of employment shall first be approved by the appropriate police department or police commissioner."
In light of the fact that a municipality may not prohibit outside employment, it would be unfair also to require a municipality to guarantee the full salary of a police officer who is injured during his private employment.
We conclude that the City of Plattsburgh would not be responsible, under section 207-c of the General Municipal Law, to pay the salary or medical expenses of a police officer who is injured or taken sick while employed as a security guard for a private employer. In most situations, the fact that the police officer was making an arrest at the time of his injury would not alter our opinion.
* If a police officer is eligible for the benefits of section 207-c, the municipality is entitled to deduct his workers' compensation benefits from the amount it owes the police officer (Workers' Compensation Law, § 30).
** There may be some situations where a police officer would be entitled to the special benefits of § 207-c even though he is working as a security guard for a private employer. For example, if a police officer while working as a security guard spots an individual known to be subject to arrest under a warrant and is injured while arresting the individual, § 207-c might apply. If the person arrested was not interfering with the rights of the private employer at the time of arrest, the police officer would not be fulfilling his obligations as a security guard but would be performing his duties as a police officer even though he was off duty. (Cf. Criminal Procedure Law, § 140.10; 1978 Op Atty Gen 100, supra.)