Honorable Orin Lehman Commissioner Executive Department Office of Parks, Recreation and Historic Preservation
You have asked whether regional park-police officers are entitled to the benefits of section 17 of the Public Officers Law while they are off duty and employed as private security guards for organizations or individuals who have obtained permits to use State parks or historic facilities on the condition that they provide security forces.
The Office of Parks and Recreation occasionally issues permits to organizations or individuals to use State parks or historic facilities for special events. As a condition to obtaining a permit, the Office of Parks and Recreation often requires that the organizations or individuals provide security and traffic control at no cost to the State. Occasionally, regional park-police officers who are off duty have been hired to act as security guards for the organizations or individuals who are using the State facilities. You have indicated that the duties which the regional park-police officers perform while employed by these private employers are virtually identical to their regular duties. In addition, the regional park-police officers have been permitted to wear their uniforms and carry their service revolvers while engaged in this private employment.
Section 17 of the Public Officers Law provides for the defense and indemnification of State officers and employees who are found liable for acts or omissions which occur while the officer or employee is discharging his duties. (See Olmstead v Britton, 48 A.D.2d 539 [4th Dept, 1975]; DeVivo v Grosjean, 48 A.D.2d 158 [3d Dept, 1975], 1981 Op Atty Gen, February 24, 1981, a copy of which is enclosed.) The statute provides that if the officer or employee requests representation in compliance with section 17 (4), "the state shall provide for the defense of the employee in any civil action or proceeding * * * arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of hispublic employment or duties * * *" (§ 17 [2]) (emphasis added).
Generally, an off-duty officer or employee would not be entitled to the benefits of section 17 because he is not acting "within the scope of his public employment or duties" when he is not "on duty". You have asked whether the fact that regional park-police officers are police officers who perform tasks for private employers which are virtually identical to their public employment alters the general rule.
A police officer who is off duty is not relieved of his obligation to preserve the peace or protect lives and property. People v Peters,18 N.Y.2d 238, 243 (1969); Washington v New York City Housing Authority,31 A.D.2d 700, 701 (3d Dept, 1968), affd 24 N.Y.2d 912 (1969); Burns vCity of New York, 6 A.D.2d 30 (1st Dept, 1958). An off-duty police officer has the same powers as an on-duty police officer in making arrests without a warrant pursuant to the Criminal Procedure Law, §140.10 (1978 Op Atty Gen 100). Where an off-duty police officer is injured while making an arrest, he is entitled to workers' compensation on the principle that an off-duty arrest is still within the course and scope of a police officer's employment. (See Quinlan v City of New York,33 A.D.2d 114 [3d Dept, 1969]. However, in Quinlan, the police officer was not working for a private employer while making the arrest.)
The key to the answer to your question is whether an employment relationship between the off-duty park-police officer and a private organization or individual takes the police officer outside the coverage of section 17.
Recently, we issued an informal opinion stating that a municipal police officer is not entitled to the payment of his salary or medical expenses under General Municipal Law, § 207-c in the event that he is injured while off duty and working as a security guard for a private employer (Op Atty Gen [Inf] 81-52, a copy of which is enclosed). Section 207-c applies only to a police officer who is injured or taken sick "in the performance of his duties". We concluded that the fact that the job of security guard encompasses the apprehension and arrest of individuals does not mean that an off-duty police officer who is working as a security guard is "performing his duties" within the meaning of section 207-c.
Here, we likewise conclude that the fact that a regional park-police officer performs virtually the same duties when off duty and working as a security guard in a State facility as he does when on duty, does not mean that the off-duty regional park-police officer is "acting within the scope of his public employment or duties" within the meaning of Public Officers Law, § 17. Since the regional park-police officer is protecting the interests of the private employer during the hours that he is employed as a security guard, the State of New York should not be required to provide representation and indemnification in the event the police officer is found liable for acts or omissions committed while he is acting as a security guard.* That the park police are permitted to wear their uniforms and use their service revolvers does not alter our conclusion.
You have also asked whether our previous opinions to the effect that a municipality might be liable for the acts of an off-duty police officer in certain circumstances (see, e.g., 1980 Op Atty Gen [Inf] 271, 1978 Op Atty Gen [Inf] 311), support a determination that an off-duty regional park-police officer who is working as a private security guard is acting within the scope of his public employment. We believe that the issue of whether a municipality is liable for the acts of an off-duty police officer on the basis of respondeat superior is distinguishable from the issue of whether a regional park-police officer is entitled to representation and indemnification by the State of New York in the event that he is found liable for acts committed while off duty and employed as a security guard for a private employer.
We conclude that regional park-police officers who are off duty and are employed as private security guards for private organizations or individuals who have obtained permits to use State park or historic facilities, are not entitled to representation and indemnification by the State of New York under Public Officers Law, § 17.
* The officer might, however, be eligible for the benefits of section 17 if, while serving the private employer, he takes action qua police officer, as for example, arresting an individual he knows to be subject to arrest under a warrant, but who was not interfering with the rights of the private employer at the time of arrest.